## THE GLOBE ACCIDENT INSURANCE COMPANY

### v.

### MINNIE GERISCH, Admx.

*Filed at Springfield November 23, 1896.*

1. EVIDENCE—*when declarations are not part of the res gestœ.*  The declarations of an injured man, made hours after his injury, as to its cause, are not so connected with the circumstances and time of the accident as to be a part of the *res gestœ.*

2. SAME—*declarations to attending physician—when admissible.*  Declarations made by an injured man to his attending physician are admissible in evidence when they relate to the part of his body injured, his sufferings, symptoms and the like, but not if they relate to the cause of his injury.

3. SAME—*when presumption can be fairly drawn from circumstances proved.*  In attempting to prove accidental death of the intestate from a strain received in lifting a box of ashes, evidence that the deceased was seen shoveling the ashes into the box and that the box had been emptied may reasonably raise the presumption that the deceased lifted and emptied the same.

4. SAME—*a presumption cannot be based upon a presumption.*  A *prima facie* case of accidental death from a strain received by the deceased in lifting a box of ashes is not made out by evidence showing the deceased probably died from the effects of a strain, where the fact of his having lifted the box of ashes is not proved directly, but merely presumed from other circumstances, it being the law that a presumption cannot be based upon a presumption.

5. INSURANCE—*forfeiture of policy by failure to give notice.*  A provision in an accident insurance policy (payable, in case of death, to legal representatives,) making it the duty of the "claimant" to give the company notice of injury within seven days from its occurrence does not apply to the administratrix of the insured, who did not take out letters until thirty days after the injury, and consequently did not become a "claimant" until that time.

6. SAME—*provisions for forfeiture are strictly construed.*  Where a clause in an accident insurance policy providing for forfeiture under certain conditions is uncertain in its meaning, it must be construed most strongly against the company.

7. EXECUTORS AND ADMINISTRATORS—*grant of letters of administration relates back to intestate's death.*  The grant of letters relates back to the date of the intestate's death, and validates all acts done before such grant which are within the scope of the administrator's authority and are beneficial to the estate.

*Globe Accident Ins. Co. v, Gerisch,* 61 Ill. App. 140, reversed.

163—40

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the City Court of Canton; the Hon. JEFFERSON ORR, Judge, presiding.

GRANT & CHIPERFIELD, (G. W. McDONALD, of counsel,) for plaintiff in error:

The test for the admission of declarations as a part of the *res gestœ* is, that they must be so intimately interwoven or connected with the principal fact or event which they characterize as to be regarded a part of the transaction itself. *Lander* v. *People*, 104 Ill. 248; *Sullivan* v. *Railroad Co.* 12 Ore. 393; *Lund* v. *Tyngsborough*, 9 Cush. 36; *Waldele* v. *Railroad Co.* 95 N. Y. 275; *Worden* v. *Powers*, 37 Vt. 619; *Kendrick* v. *State*, 55 Miss. 436; *Cramer* v. *State*, 61 id. 438.

Statements made after a physician is called, as where a patient narrates to the physician the cause of an injury, are not a part of the *res gestœ*. *Chapin* v. *Marlborough*, 9 Gray, (Mass.) 244.

ABBOTT & WORLEY, for defendant in error:

Policies of insurance being signed by the insurer and the language being that of the insurer, provisions of the policy should be construed most favorably for the insured in case of doubt or uncertainty of terms. *Healey* v. *Mutual Accident Ass.* 133 Ill. 556.

The deceased was in great pain and was suffering great distress, and it was proper evidence to show his bodily and mental condition as expressed by what is called natural language. 1 Greenleaf on Evidence, (15th ed.) sec. 102; *Insurance Co.* v. *Mosely*, 8 Wall. 399; *Bacon* v. *Charlton*, 7 Cush. 581; *Hatch* v. *Fuller*, 131 Mass. 574.

Death by drowning and poison is construed to be within the scope of an accident policy, although the facts surrounding the death are more obscure than in this case. *Healey* v. *Mutual Accident Ass.* 133 Ill. 562; *Paul* v. *Insurance*

*Co.* 112 N. Y. 472; *McGlenchey* v. *Fidelity and Casualty Co.* 80 Me. 251.

Mr. JUSTICE BAKER delivered the opinion of the court:

This action was upon a policy of accident insurance issued to Philip Gerisch, the plaintiff's intestate. The declaration averred that the deceased accidentally, severely and fatally strained and injured his body in the abdominal region by lifting a box of ashes and cinders, from which strain and injury he died. The cause was tried in the Canton city court before the court, without a jury. After plaintiff had rested her case the defendant demurred to the evidence, but the court overruled the demurrer, found the issues for the plaintiff and rendered judgment in her favor for $2000, and that judgment has been affirmed by the Appellate Court.

The important question is, whether the evidence sufficiently tends to show that the death of the deceased was caused in the manner alleged in the declaration.

The statements made by Gerisch to his physician, and to other persons, in regard to the cause of the injury from which he was suffering, were received in evidence by the trial court over the objection of the defendant. None of these statements were made until several hours, and most of them two or three days, after the supposed accident. They formed no part of the *res gestæ*, and under no rule of law are they competent evidence. (*Chicago West Division Railway Co.* v. *Becker*, 128 Ill. 545.) Nor is there an exception made in favor of the statement made to his physician. Had such statement related only to the part of his person that was hurt, his sufferings, symptoms, and the like, it would be competent evidence; but the declaration of the insured as to the cause of his injury is not proper or competent evidence. Whatever the rule may be in other jurisdictions, such is the law in this State. *Illinois Central Railroad Co.* v. *Sutton*, 42 Ill. 438; *Collins* v. *Waters*, 54 id. 485.

But, excluding these statements from consideration, is there sufficient other evidence to establish *prima facie* the case stated in the declaration? The demurrer, of course, admits all that the competent evidence proves or tends to prove.

It was the duty of Gerisch, in pursuance of a contract with one Jacobs, to carry out the ashes and cinders from the furnace of the latter's green-house to the street, about seventy feet distant, and he was in the habit of doing so every evening. On the evening on which it is claimed he was injured he was seen shoveling the ashes and cinders from the furnace into a wooden box, in which he usually carried them out into the street. The box held about one and one-half buckets, and was then nearly full. No one saw him lift the box or carry out the ashes. Still, the ashes were, as matter of fact, carried out that evening. Although there is no direct evidence that Gerisch lifted the box and carried out the ashes, yet from the facts and circumstances above stated the presumption that he did so could fairly be drawn. Such a conclusion is both reasonable and natural. About half-past nine o'clock that evening, but just how long after he was seen shoveling the ashes does not appear, he complained of pains in the lower part of the abdomen, which continued to increase in severity until the second day thereafter, when he took to his bed and a few days later died.

Several physicians were in attendance at the bedside of Gerisch, all of whom testified at the trial. It seems that two days before his death, as a last resort, they performed a surgical operation upon him, and their testimony is based, to a considerable extent, upon the information obtained from an examination of the injured parts. They all agree that the cause of his death was intense inflammation and strangulation of the intestines, and that the diseased condition arose from the dropping of the bowels through an adhesive band — an unnatural growth—which extended from the wall of the abdomen

across to the intestines.  They further agree that some force or muscular shock was required to push the bowel through this band, and give it as their opinion that some strain or external violence caused the injury which resulted in their patient's death.  This evidence is sufficient, when uncontradicted, to make out the point sought to be established by it,—that is, that Gerisch was strained or was injured by some external force.  There is, however, no proof that the deceased strained and injured his body "by lifting a box of cinders and ashes," and one essential fact,—indeed, the all-important fact,—is therefore wanting in order to make out this case.  If, from the fact that he lifted a box of ashes and from the further fact that he not long afterwards suffered from the effects of a strain, it can be inferred that such strain was caused by so lifting said box of ashes, the missing link in the chain will be supplied.  But this presumption cannot be indulged.  As we have seen, the fact upon which it is sought to base this presumption, viz., that Gerisch lifted the box, is itself but a presumption drawn from other facts in evidence, and the law is that a presumption cannot be based upon a presumption, for there is no open and visible connection between the facts out of which the first presumption arises and the fact sought to be established by the dependent presumption.  (*Douglass* v. *Mitchell*, 35 Pa. St. 440; *United States* v. *Crusell*, 14 Wall. 1; *United States* v. *Ross*, 2 Otto, 281.)  In the case last cited it is said, in passing upon this question:  "Such a mode of arriving at a conclusion of fact is generally, if not universally, inadmissible.  No inference of fact or of law is reliable drawn from premises which are uncertain.  Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed."  The record, therefore, does not make out a *prima facie* case for the plaintiff, and the trial court erred in overruling the demurrer to the evidence.

It is contended by the defendant that the policy was forfeited because the plaintiff gave no notice to the com-. pany within seven days, etc.   The provision of the policy upon which this point is based is as follows: "Unless claimant gives home office, at Indianapolis, within seven days, written notice, stating name, address, occupation, date and causes of injury, and within ninety days from date of injury and within thirty days from date of death verified written proof thereof, all claims therefor shall be forfeited."   The policy was payable, in case of the death of the insured, to his legal representative.   Now, Gerisch died on the seventh day after he was injured, and within thirty days after his death the plaintiff caused "verified written proof thereof" to be sent to the defendant at its home office in Indianapolis.   But the point made is, that she did not send written notice to the company of the fact of the injury within seven days after the injury occurred. The plaintiff did not become the "claimant" until she had taken out letters of administration, and there was consequently no "claimant" within seven days from the date of the injury.   It is clear that this provision for notice within seven days cannot apply to her.   It is applicable to the insured, only, and not to his legal representative. No other construction of it is reasonable.   Moreover, this clause in the policy is for a forfeiture, and is in the form and phrases adopted by the company, and if it is of uncertain meaning it must be construed most strongly against the company.

It might be suggested that if the plaintiff did not become the claimant until she had taken out letters of administration, then, since she did not take out such letters until several months after the death of the insured, the "verified written proof" of death necessary to be sent to the company within thirty days from the date of death did not meet with the requirement of the policy that it be sent by the "claimant."   But a well settled principle of law here comes to the plaintiff's assistance.   It is the

doctrine of relation. Under it the grant of letters of administration related back to the date of the intestate's death, and validated all acts which came within the scope of an administrator's authority, and which were, in their nature, beneficial to the estate. She became "claimant" by relation from the death of the intestate. (*Makepeace* v. *Moore*, 5 Gilm. 474; *Wells* v. *Miller*, 45 Ill. 382; 7 Am. & Eng. Ency. of Law, 194, and cases cited in note 1.) It follows there was no forfeiture of the policy.

For the errors indicated herein the judgments of the Appellate Court and of the Canton city court are reversed, and the cause is remanded to the latter court for a new trial.

                                    *Reversed and remanded.*