ANNA MUNZ, as Administratrix of the Estate of CHARLES MEYER, Deceased, Appellant, v. THE STANDARD LIFE AND ACCIDENT IN-SURANCE COMPANY OF DETROIT, MICH-IGAN, a Corporation, Respondent.

No. 1435.  (72 Pac. 182.)

1. **Insurance: Proof of Death: Condition Subsequent: Performance: Reasonable Time.**

A provision in a policy of life insurance requiring proof of death to be furnished within two months from the date of insured's death, in default of which all claims under the policy should be forfeited, is a condition subsequent, and is fulfilled by a sub-mission of proofs within a reasonable time after insured's death under all the circumstances of the case.[1]

2. **Same.**

Deceased died June 29, 1900, leaving no friends or relatives surviv-ing except plaintiff, who lived some 234 miles from the place of decedent's death. Deceased left a policv on his life, payable to his estate. Plaintiff first learned of his death on October 1, 1900, but neither knew of nor obtained the policy until February 15, 1901. On February 23d, she gave notice of in-sured's death to the insurer, and demanded payment, which was refused, and, as soon as plaintiff could procure legal assistance, on May 1, 1901, proofs of death were submitted. *Held*, that such proofs were submitted within a reasonable time under all the circumstances, and that plaintiff's failure to submit the same within two months after insured's death, as required by the policy, was no defense thereto.

(Decided April 20, 1903.)

[1] Brown v. Accident Association, 18 Utah 265; 55 Pac. 63.

Appeal from the Third District Court, Salt Lake County.—*Hon. C. W. Morse,* Judge.

Action to recover the amount claimed to be due on an accident insurance policy issued by the defendant company to Charles Meyer, deceased. From a judgment in favor of the defendant, plaintiff appealed.

REVERSED.

*M. E. Wilson, Esq.,* and *J. H. Ryckman, Esq.,* for appellant.

*E. A. Silberstein, Esq.,* for respondent.

BARTCH, J.—This action was brought to recover the amount claimed to be due on an accident insurance policy issued by the defendant company to Charles Meyer, the deceased, whose estate the plaintiff was appointed to administer.

The facts, as set out in the amended complaint, are that Charles Meyer was insured in the defendant company, by an accident policy, for $500, issued on or about May 16, 1899; that on June 29, 1900, Meyer was accidentally and instantly killed at or near Kemmerer, Wyo.; that deceased was unmarried, and left surviving him no friends or relatives, except the plaintiff, his cousin, who was then, and ever since has been, a resident of Salt Lake City, Utah; that said town of Kemmerer is 234 miles from Salt Lake City; that plaintiff learned of the death of Meyer for the first time on October 1, 1900; that, by reason of plaintiff being in poor circumstances financially, she was unable to have his body disinterred and brought, with his personal effects, to Salt Lake City; that on or about February 15, 1901, plaintiff procured the personal effects, including said insurance policy, prior to which date the existence of said policy was not known to her; that on February 23, 1901, she gave notice to the defendant of said Meyer's death,

and made demand for payment of said policy, which demand was refused by defendant, because notice had not been sent to defendant, and no proof of death had been made, within two months after the death; that as soon as plaintiff was able to procure legal assistance to that end, to-wit, May 1, 1901, she procured and sent defendant due proofs; and that thereupon payment of the policy was again refused, because the proofs were not made within the specified time. It is then alleged that Meyer duly conformed and complied with all the provisions of the policy; that the policy was in force and effect at the time of his death; that she was duly appointed administratrix of his estate in May, 1901, by the district court of Salt Lake county. Judgment was demanded in the sum of $500. To this amended complaint the defendant demurred, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and, the plaintiff failing to amend her complaint within ten days, as ordered by the court, judgment was entered for the defendant, and the plaintiff has appealed to this court.

The appellant contends that the complaint states a good cause of action, and that the court erred in sustaining the demurrer.

The defense is based upon the ground that there was neither notice of the fatal accident given, nor proof of death furnished to the company, within the time limited by the policy. The policy, so far as material here, provides: ''Immediate written notice shall be given to the company at Detroit, Michigan, of any accident and injury or sickness for which claim is made. with full particulars thereof, and full name and address of the insured. Direct and positive proof of death . . . must also be furnished to said company, at Detroit, Michigan, within two months from the time of death . . . else all claims based thereon shall be forfeited.'' If, under all circumstances, these provisions must be literally complied with, then the defense in this case is well founded, for it is not controverted that

no immediate notice of the accident was given, and that no proof of death was made within two months of the death. The provisions are such as are usually contained in insurance policies. and if they were to be rigidly enforced, no matter how unusual or peculiar the circumstances of a particular case, then, indeed, they would prove a pitfall or snare to the unwary. They are intended, however, for no such purpose. They constitute conditions subsequent, and, as said in Brown v. Accident Association, 18 Utah 265, 272, 55 Pac. 63, by this court: "Doubtless the purpose of such conditions in a policy is to afford the insurer an opportunity within a reasonable time after the occurrence to inquire into the cause of the accident, and ascertain the surrounding facts and circumstances while fresh in the memory of witnesses, so as to determine whether or not liability under the contract exists. The condition in the policy, requiring notice to be given within a specified time, with full particulars of the accident, operates upon the contract of insurance only after the fact of the accident. It is a condition subsequent, and must therefore receive a reasonable and liberal construction in favor of the beneficiary under the contract."

In the case at bar, the beneficiary was not aware of the death of the insured until about three months after it occurred, was distant 234 miles from the place of the accident and death, and was not aware of the existence of the policy until over seven months after the fatal occurrence. Being thus ignorant of these things, how could she comply literally with the terms of the policy as to notice and proof? How could she give "full particulars" of an accident the occurrence of which was not within her knowledge, or the "full name and address of the insured" when she knew nothing of the insurance? We cannot assume that the parties to the insurance contract intended such absurdities. The contracting parties doubtless intended that notice and proof should be furnished at the earliest practicable time after the happening of an accident and injury for

which liability would be claimed, so that the real facts of the case could be ascertained by the insurer before time had effaced them from the memory of witnesses. The word "immediate," under such circumstances as are disclosed in this record, cannot be construed as excluding all intervening time between the occurrence of the death and the giving of notice. It does not, by any fair construction of the policy, mean instantly, but "immediate notice" means notice within a reasonable time, under all the circumstances of each particular case, and no doubt, ordinarily, unless there are circumstances excusing delay, the notice should be given at once. It would, however, be both an unreasonable and unfair interpretation to hold that, as used in the policy, the word "immediate" required the doing of a thing impossible for the beneficiary to do. Such provisions must receive reasonable construction in favor of the beneficiary.

May, in his work on Insurance, vol. 2, sec. 462, says: "If the notice be required to be 'forthwith,' or 'as soon as possible,' or 'immediately,' it will meet the requirement if given with due diligence under the circumstances of the case, and without unnecessary and unreasonable delay, of which the jury are ordinarily to be the judges. To give the word a literal interpretation would in most cases strip the insured of all hope of indemnity, and policies of insurance would become practically engines of fraud."

In Kentzler v. The American Mutual Accident Ass'n of O., 88 Wis. 539, 60 N. W. 1002, 43 Am. St. Rep. 934, it was said: "In case of an injury or disability not resulting in death, such notice affords the association an opportunity to ascertain the exact condition of the person and apply the most effectual remedy. But in case of death there can be no remedy, and the only object of the notice is to secure evidence of identity. What is meant by giving notice 'immediately after the accident occurs?' Does it mean, in the language of Webster: 'In an immediate manner; without inter-

vention of anything; . . . without interval of time; without delay; instantly?' If the contract is to be thus literally construed, compliance by the beneficiary would seldom be possible. But courts, looking at the substance of contracts and statutes, have, during the last two centuries, repeatedly declared that 'the word "immediately," although in strictness it excludes all mean times, yet, to make good the deeds and intents of parties, it shall be construed such convenient time as is reasonably requisite for doing the thing.' "

So, in Solomon v. Continental Fire Ins. Co., 160 N. Y. 595, 55 N. E. 279, 46 L. R. A. 682, 72 Am. St. Rep. 707, where the plaintiff did not obtain the policy until about fifty days after the fire, and was not aware of its contents, it was said: "Whether, under all the circumstances, immediate notice was given within the meaning of the policy, when fairly construed, was the question to be determined in this case. The word 'immediate,' like 'forthwith,' does not mean instantly, but immediate notice is notice within a reasonable time. In determining what was a reasonable time, it was necessary for the referee to take into consideration the situation of the plaintiff and all the circumstances by which he was surrounded. If they justify him in finding that the plaintiff used due diligence in discovering the policy, in ascertaining what it required, and in preparing and serving the notice of loss, then the referee was justified in determining that the notice was sufficient under the provisions of the policy." McFarland v. Accident Ass'n, 124 Mo. 204, 27 S. W. 436; Konrad v. Casualty and Surety Co., 49 La. 636, 21 South. 721; Richardson v. End, 43 Wis. 316.

In this case there is no question that all the conditions of the policy were complied with by the deceased up to the time of his death. Those were conditions precedent for the purpose of continuing the policy in force and effect, and to them a more strict rule of construction is applicable. But where precedent conditions were all performed, courts are not inclined, by

a very harsh and technical construction, to deprive the beneficiary of the benefit of a liability, because of a failure to do an impossible thing which was never in the minds or contemplation of the contracting parties. Forfeitures are not favored in law, and will not be aided by interpretation.

Such a defense as the one herein is purely technical.

The risk of the insurer was neither increased nor in any way jeopardized by the failure of the beneficiary to comply literally with conditions of which she had no knowledge. The defendant received the consideration for the indemnity as provided in the contract, and it has no cause to complain if the harsh and technical meaning which it now seeks to place upon the conditions as to notice and proof of loss be rejected. The construction thus put upon the conditions in question secures to the defendant every advantage and benefit to which it is entitled, and which was intended by the provisions of the policy. In such a case, and under such circumstances, the beneficiary is not required to do what amounts to an impossibility, but must perform the conditions subsequent within a reasonable time after obtaining knowledge of the existence of the policy, or after such knowledge could, by the exercise of due diligence, have been obtained. Up to the time of the knowledge of the accident and discovery of the policy, such a beneficiary is not in default, and if after that he gives notice of the accident and proof of the death within a reasonable time, or within the time limited in the policy, it will be a compliance with the intention and requirements of his contract. Before that time it is impossible for him to furnish proof of the particulars and circumstances surrounding the accident, required by the policy, and to hold that, because of the failure to do so, his rights under the contract were forfeited, would be alike unfair and unjust.

In Woodmen Accident Ass'n v. Pratt, 62 Neb. 673, 87 N. W. 546, 55 L. R. A. 291, it was said: "When a time is fixed in a policy of accident insurance for the

giving of notice of an accident and injury resulting therefrom for which indemnity is claimed, with the particulars thereof, which is reasonable in its character, this will be regarded as a condition precedent to be complied with before recovery can be had; but when, because of circumstances and conditions surrounding the transaction, obstacles or causes exist preventing and rendering impossible the performance of the act within the time stipulated, the act may be performed thereafter, and the beneficiary will be excused for the failure, if done within a reasonable time, or within the time stipulated after the obstacle or cause preventing prior compliance ceases to exist; the question of the sufficiency of the excuse offered and the reasonableness of the time in which the act is performed to be determined according to the nature and circumstances of each individual case, the beneficiary in all cases being required to act with due diligence and without laches on his part."

So, in McElroy v. John Hancock Life Ins. Co., 88 Md. 137, 41 Atl. 112, 71 Am. St. Rep. 400, referring to the conditions of a policy requiring notice and proof within a time limited, the court said: "It is perfectly clear that the rule was made for the ordinary cases where the existence of the policy and the death of the insured are known, or might or should be known, in time to comply with the rule. It cannot reasonably be supposed that the holder of the policy could be required to give proof of a fact of which he was himself ignorant. 'To decide that one was not duly diligent, and that he lost his right as beneficiary because he did not give notice of a policy of which he knew nothing, would be more strict and exigent than in our opinion the language of the policy requires. There was timely notice given after the fact of insurance came to the knowledge of the plaintiff. This delay in finding the policy was not strange and unexceptional. On the contrary, it appears to have been entirely consistent with good faith.'"

In Tripp v. P. F. Society, 140 N. Y. 23, 35 N. E. 316,

22 L. R. A. 432, 37 Am. St. Rep. 529, it was observed: "The plaintiff was the widow of the deceased, and the beneficiary named in the certificate. She was the only party interested in the enforcement of the contract and who could give the notice, and she could not give it, within the meaning of the condition, until she had knowledge of the facts which she was bound to communicate. To hold that plaintiff was bound to give notice of the death of her husband, with full particulars, before she had any knowledge of the facts, would be to require her, by a technical and literal construction, to do an impossible thing, which was not within the intention of the parties when the contract was made." Phillips v. Benevolent Society, 120 Mich. 142, 79 N. W. 1; Insurance Cos. v. Boykin, 12 Wall. 433, 20 L. Ed. 442; McNally v. P. Insurance Co., 137 N. Y. 389, 33 N. E. 475; Carpenter v. G. A. Ins. Co., 135 N. Y. 298, 31 N. E. 1015; Globe Accident Ins. Co. v. Gerisch, 163 Ill. 625, 45 N. E. 563, 54 Am. St. Rep. 486.

That the beneficiary in this case acted with due diligence after the discovery of the policy, we think is clear from the facts alleged in the complaint, which, for the purposes of this decision, must be assumed to have been admitted to be true by the filing of the demurrer. The notice of the accident and proof of death, with the particulars required, appear to have been given and furnished within a reasonable time after she obtained the policy and learned that she was entitled to the benefit. As the policy, in the event of death, was payable to the insured's estate, executors, or administrators, it became necessary for her to be appointed administratrix before she could proceed in a lawful manner, and this necessarily caused some delay. Considering the facts and circumstances, however, we cannot say that, under our laws, she was guilty of laches in securing her appointment as administratrix, or in furnishing the company the necessary proofs, or in instituting this suit. Where such a policy contains an agreement on the part of the insurer that, in the event of the death of the in-

sured, the indemnity shall be paid to his legal repre-
sentatives, the conditions subsequent as to notice and
proof within a certain time must not, in the absence of
express language to that effect, be held to apply to
them. If they act without unreasonable delay, it is suf-
ficient. Globe Accident Ins. Co. v. Gerisch, 163 Ill. 625,
45 N. E. 563, 54 Am. St. Rep. 486; The Providence Life
Ins. & Inv. Co. v. Baum, 29 Ind. 236. We are of the
opinion that the complaint states a cause of action, and
that the demurrer was erroneously sustained.

The judgment must therefore be reversed, with
costs, and the cause remanded, with directions to the
court below to overrule the demurrer and proceed in
accordance herewith. It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.