CHICAGO—FIRST DISTRICT—OCTOBER, 1918.    263

Lamoreux v. Illinois Commercial Men's Ass'n, 212 Ill. App. 263.

---

### Oliver Lamoreux, by C. A. Lamoreux, Appellant, v. Illinois Commercial Men's Association, Appellee.

### Gen. No. 24,142.

INSURANCE, § 686*—*when death of insured by external, violent and accidental means is question for jury.* In an action to recover on an accident policy which rendered the insurer liable for death resulting from injuries received through "external, violent and accidental means," evidence *held* to be of such character as to require a submission to the jury of the question whether the death of the insured was by external, violent and accidental means.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded. Opinion filed October 1, 1918. Rehearing denied October 14, 1918.

DENT, DOBYNS & FREEMAN, for appellant; SANBORN, LAMOREUX & PRAY, of counsel.

RYAN, CONDON & LIVINGSTON, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Lee B. Jones, insured under an accident policy in the defendant corporation, died in July, 1913. Defendant asserted that as death was not accidental it was not liable. Plaintiff, the nephew of the insured and the beneficiary of the policy, brought suit to recover $5,000, and upon trial, at the conclusion of plaintiff's case, the defendant moved for an instructed verdict in its favor upon the ground that there was no legal evidence supporting the claim of accidental death which should be submitted to the jury. This motion was sustained and a verdict was returned for the defendant. From the judgment of *nil capiat* plaintiff appeals.

By the terms of the policy defendant was obligated for the amount claimed "in case of bodily injury or injuries received through external, violent and accidental means, which shall, independently of all other causes, result in the death" of the insured. Should the trial court have permitted the jury to determine from the evidence adduced whether death resulted from injury received through external, violent and accidental means? We hold in the affirmative and that defendant's motion for an instructed verdict should have been denied.

The evidence tended to show that Jones was about 45 years of age, of normal weight and height; had never been known to have had any disease or sickness of any consequence. He was apparently in comfortable financial circumstances, and had owned an automobile for many years which he had used for his personal enjoyment. At the time of his death he had been spending the summer at Delavan Lake in Wisconsin. He was last seen alive in this vicinity with the automobile in the evening. He was found dead the next morning about 10 o'clock at the side of his automobile, with his body leaning forward through the side door and his face resting upon the back seat; one foot was on the ground and the other curled up

under him on the running board. The automobile was of an old-fashioned type which cranked on the side. When the body was discovered the machine was all ready for starting except the cranking; the crank was lying on the ground a few feet away. This automobile was difficult to crank, and on several occasions it had back-fired, causing the crank either to fly off the machine or strike and injure the person who was cranking it. The autopsy showed the deceased to be free from any sort of disease; the vital organs were normal. There was a small mark, about an inch long and a half inch wide, on the breast immediately over the heart, which was described as a sort of fresh bruise, made by a blunt instrument, like the crank, striking him a blow at that point. Medical experts testified that a blow at that point from a blunt instrument, with force sufficient to produce such a bruise, might cause death by paralyzing the action of the heart, and they gave it as their opinion that the death of Jones was from paralysis of the heart caused by a blow received at the point where the bruise was located.

Plaintiff asserted in his declaration that Jones while cranking his automobile was struck by the crank and injured so that death resulted. Defendant contends that the evidence merely raises a presumption that he was struck by the crank, and to presume that death resulted from this is to violate the rule that one presumption cannot be based upon another presumption as the basis of recovery. *Globe Acc. Ins. Co. v. Gerisch,* 163 Ill. 625. This fallaciously assumes that the cause of death rests only on inference, whereas the evidence of this is direct. The fact that Jones died while engaged in some act related to his automobile is established by positive proof; there is also the visible mark of a blow over the heart; the doctors testify unequivocally that this blow caused the death; none of these facts rests upon inferential evidence.

Suppose the blow was a penetrating one piercing the heart, or upon the head crushing the skull, could it reasonably be said that the cause of death was only an inference? Clearly not. So in the instant case, the visible mark of a blow and the affirmative testimony of the physicians are direct evidence, and though to the layman the connection between the blow and death may not be so obvious as in these supposititious cases, the character of the evidence is not changed thereby. It is direct and not inferential, whether it accords with our personal knowledge or not. The character of the evidence, whether inferential or direct, is not determined by its degree of cogency.

The statements of the physicians, with the evidence of the healthy bodily condition of Mr. Jones, tend to meet the argument that his death may have resulted from disease or bodily infirmity. The direct character of this evidence is not changed by the possibilities of speculation in other directions.

While the cause of death is presented by direct evidence, the cause of the blow rests upon inference. From the evidence the jury might properly infer that the blow came from the crank while Jones was cranking his machine; and one inference is permitted. Should the jury so infer, then the character of the blow as accidental would be established. That it was external and violent is evident from the description given by those who saw the wound.

In the *Gerisch* case, *supra,* the daily habit of the insured to carry out the ash box raised the inference that he did this at the time in question, and upon this inference a second inference was sought, namely, that this caused strain. In the instant case, the presence of the crank is not inferred but is established by direct testimony; also its shape with reference to the size and nature of the bruise on the body of Mr. Jones. These are items of positive evidence from which the

inference may be drawn that the crank was the instrument which wounded the insured.

The jury should have been permitted to consider the evidence presented on behalf of the plaintiff, and that for the defendant, if any, and determine the nature of the injury received by the insured, and whether it met the conditions of the policy which made the defendant liable.

For the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*