## BELL v. TRAVELERS' INS. CO.—79 S. W. (2d) 824.

Middle Section.   February 7, 1935.

Petition for Certiorari denied by Supreme Court, March 9, 1935.

James D. Richardson, of Murfreesboro, for appellant, Insurance Co.
C. C. Jackson, of Murfreesboro, for appellee, administrator.

FAW, P. J.  This is a suit by the administrator of Dr. J. S. Allen, deceased, upon an accident policy issued by the defendant Travelers' Insurance Company on August 25, 1932, to the complainant's intestate.

By the terms of the policy, complainant's decedent was insured against loss resulting from bodily injuries effected during the term of the insurance, directly and independently of all other causes, through external, violent, and accidental means, as specified in parts A and B of the policy, subject to the conditions and limitations contained in the policy.

Part A of the policy provided that: "If such injuries are sustained while the Insured is riding as a passenger in or on a public conveyance provided by a common carrier for passenger service and propelled by mechanical power on land or water and result independently of all other causes within ninety days from the date of the accident (a) in death, the Company will pay $5000 in lieu of any other indemnity to the executors, administrators or assigns of the insured."

There are additional clauses in part A which provide indemnity for injuries to the insured not resulting in death, but these clauses are not material to the present controversy.

Part B immediately follows A in the policy, and provides that: "Three-fifths of the amounts above specified will be paid if the injury causing the loss is sustained elsewhere than as specified in Part A, subject otherwise to the conditions and limitations hereinbefore and hereinafter contained."

Complainant alleged in his bill that the policy upon which he was basing his suit was delivered by an agent of the defendant insurance company to the insured, Dr. J. S. Allen, but could not be filed as an exhibit (to the bill) for the reason that complainant's intestate, the insured, either lost or mislaid same in his lifetime and complainant has been unable to find it; but that said policy was in full force and effect at the time of the death of complainant's decedent.

Further allegations of complainant's bill are as follows:

"On August 26, 1932, in Murfreesboro, Tennessee, said deceased accidentally struck his arm against a car door, slightly bruising his elbow, or his arm just below his elbow, from which injury blood

poison or streptococcus blood stream infection set up in said injury, and from said injury and said blood poison, said Dr. J. S. Allen, as before stated, died on September 3, 1932, and that said deceased's death resulted from said injury which was independent of all other causes, and as before stated said injury was caused from the deceased striking his arm against the door of an automobile causing said injury, as above set out, but said injury was not received while the insured was riding as a passenger in or on a public conveyance provided by a common carrier for passenger service and propelled by mechanical power on land or water, and under said policy of insurance, and the injury as heretofore stated, said deceased or your complainant would only be entitled to recover under said policy as provided under Part B thereof." And that "proof as to how the injury occurred as to the death of said deceased, and all other requirements whatsoever of said policy having been fully complied with by your complainant, still the defendant company fails and refuses to pay your complainant the amount justly due him as such administrator."

Complainant's bill was filed on March 24, 1933, and on May 2, 1933, the defendant filed an answer in which it admitted the issuance of the policy by its agent on August 25, 1932, and, in response to a prayer therefor in the bill, defendant filed a true copy of the policy with its answer. Defendant also admitted that said Allen died on September 3, 1932; admitted that no injury was received by said Allen while he was riding as a passenger in or on a public conveyance of any character; and admitted that if he (complainant's intestate) had been injured "as set forth in the bill," the complainant would be entitled to recover as set forth in part B of said insurance policy.

But defendant denied that said Allen accidentally struck his arm against a car door, injuring the same, and infection resulted therefrom, and denied that the death of said Allen resulted from such injury.

Defendant admitted that it had refused to pay complainant the amount sued for in this cause, and denied that all requirements of the policy had been complied with (by complainant). Defendant alleged that: "It is not indebted in any amount under the terms of its policy to the said administrator of the said Dr. J. S. Allen, deceased."

The case was tried below upon the pleadings and depositions of witnesses, according to the forms of equity. The deposition of Mrs. Lena Allen, the widow of complainant's intestate, was taken on September 25, 1933, in which she stated, among other things, that she knew at the time of the death of her husband that he had a policy in the Travelers' Insurance Company; that the deceased told her "that he had" and gave her "the list." After said deposition

of Mrs. Lena Allen was taken, viz., on November 25, 1933, the defendant, "by agreement of counsel representing the parties, amended its answer by adding thereto an additional paragraph as follows:

"Respondent, Insurance Company, for further answer says, that section 4 of the standard provisions of the policy reads as follows:

" 'Written notice of injury on which claim may be based, must be given to the Company twenty days after the date of the accident causing such injury. In event of accidental death immediate notice thereof must be given to the Company.'

"Further answering, respondent says that the widow of the deceased, Allen, was well aware of the fact that he carried the insurance referred to in respondent, Company, and at the time of his death the said widow was in possession of the knowledge, by reason of the fact that the said deceased had furnished her with a list of the policies of insurance which he carried on his life, and therefore, it was within her power and was her duty under the terms of the policy above set out, to give the notice above referred to and that notwithstanding this knowledge upon her part she failed and refused to furnish notice to the company of either the accident to, or the death of, the deceased, Allen, and notice was not received by the Company until a number of months after his death.

"Respondent, Insurance Company, therefore, says that it is not indebted in any amount under the terms of its policy to the said administrator, the complainant in this cause."

By decree entered January 26, 1934, the chancellor granted to the complainant a judgment against the defendant for $3,000, with the further sum of $150 as interest from the filing of the bill. The defendant excepted to the decree and prayed an appeal therefrom to this court, which was granted by the chancellor and perfected by the defendant.

The chancellor's findings of fact are embraced in his decree, and are as follows:

"The Court is of the opinion and so finds, that deceased, J. S. Allen had an insurance policy with the defendant, The Travelers' Insurance Company, which was in full force and effect on August 26, 1932, at the time of his alleged injury; and that on August 26, 1932, the deceased Dr. J. S. Allen accidentally injured his arm, from which injury he died on September 3, 1932, and that under the terms of said policy the complainant Alex Bell, the administrator of said deceased's estate is entitled to recover the sum of $3,000, together with interest from the filing of the bill to-wit: March 24, 1932, amounting to $150, together with the amount due on the policy of $3000 a total of $3,150."

The several findings and the decree of the learned chancellor are challenged by proper assignments of error. However, as stated in

appellant's brief, the contentions of appellant may be summed up in two propositions, viz.:

(a) There is no evidence that Dr. Allen, the insured, received an injury after the issuance of the policy in suit.

(b) There was no compliance with the provisions of the policy with reference to giving notice to the insurance company.

1. Dr. W. Frank Fessey, a surgeon practicing at Nashville, testified that Dr. Allen (the insured) came to the office of witness on August 30, 1932; that witness saw at that time that Dr. Allen was a very sick man and had him taken to the Protestant Hospital immediately, where witness "took his history and examined him;" that witness saw Dr. Allen several times each day until his death, which occurred on September 3rd; that there was a contused wound on one of Dr. Allen's arms just below the elbow; that his death was caused by blood stream infection which the laity would ordinarily call "blood poison," and that was caused by absorption of the germs from this infection in his arm; that this germ was the streptococcus hemolyticus, which was proven by laboratory findings; that streptococcus infection is called "an accidental infection," and there is always a history of some injury, though it may be very trivial or it may be very extensive, but there is always a history of some injury connected with this type of infection.

In response to a question, Dr. Fessey stated further that it was impossible to tell the length of time (that elapsed) from the time of Dr. Allen's injury until witness saw him; that some types of infection work very rapidly and some take days or a week or so to show itself, while others show up in a very few hours.

Dr. Allen (the insured) was a practicing physician, about fifty-six years of age at the time of his death. He lived at Lascassas in Rutherford county and had an "infirmary" at Lascassas, and also had an office in the Jackson Building at Murfreesboro.

Barton Dement, Jr., a law student in the office of C. C. Jackson, which was "opposite" that of Dr. Allen, saw a "slight abrasion a little below the funny bone" on Dr. Allen's arm at some time in the afternoon of Friday, August 26th. The abrasion "was not bleeding at that time, just raw skin, no blood dripping off of it."

Mrs. Lena Allen, wife of the insured, testified that the first time she "noticed anything wrong" with Dr. Allen was about 4:30 or 5 o'clock in the afternoon of Friday, August 26, 1932, when he came home from his office; that at that time she treated his arm with the Violet Ray Electric Machine; that she did not notice any cuts or bruises on his arm and his arm was not swollen at that time; that she treated his arm again Saturday night after he came home from the office and she did not notice anything wrong with his arm at that time; that on Sunday morning (August 28th) she saw a bruised place on Dr. Allen's arm about an inch below his elbow, "just a

little round place," "hardly large as a quarter and not much larger than a dime;" that Dr. Allen never went back to his office (at Murfreesboro) again after Saturday, August 27th, and did not leave his home after that until he went to the hospital at Nashville, where he died on September 3rd.

It is a reasonable inference from the proof that the "contused wound" which Dr. Fessey found on Dr. Allen's arm near the elbow on August 30th and the "abrasion" which the witness Dement saw on Dr. Allen's arm near the elbow on August 26th were the same; but when or in what way and manner said injury was inflicted does not appear from the record as it comes to us.

■ We think the proof sufficiently shows that the death of Dr. Allen resulted from the aforesaid "wound" or "abrasion" on his arm; but it was incumbent on the complainant to show that Dr. Allen's injuries and death were "within the coverage clauses of the policy;" that is, that the injury from which his death resulted was effected during the term of the insurance (and not before the policy was issued), directly and independently of all other causes, through external, violent, and accidental means. 8 Couch on Insurance, sec. 2239; Travelers' Insurance Co. v. McConkey, 127 U. S., 661, 8 S. Ct., 1360, 32 L. Ed., 308, 311.

On the trial below, the complainant sought to prove by the witnesses Barton Dement, Jr., Dr. Fessey, and J. S. Allen, Jr. (the latter being a son of the insured), certain statements of the deceased, Dr. Allen, as evidence of the manner in which he received the injury to his arm.

The witness Dement stated that shortly after 3 o'clock in the afternoon of Friday, August 26, 1932, Dr. Allen came into the office where witness was reading (near Dr. Allen's office in Murfreesboro) and showed witness "a slight abrasion" on his arm near the elbow, and stated to witness that he (Dr. Allen) went to the bus station to meet "somebody" and got in a vacant bus to wait for the bus to come in; that "his party" did not come, and he fell and struck his arm against the door of the bus.

J. S. Allen, Jr., stated that, about 4:30 or 5 o'clock in the afternoon of August 26th, his father. (Dr. Allen, the insured) showed witness his arm, "had his hand on it," and told witness that he "hurt it on a bus door."

Dr. Fessey was asked if Dr. Allen told him "what caused his trouble," and the witness replied as follows:

"He said he hurt his arm on a car door or a bus door about six or eight days before he came to see me; and a few days after that his arm began to swell and gave him a great deal of pain and temperature. He received the injury several days before seeing me, I would judge from the condition of his arm when I did see him."

The testimony of Barton Dement, Jr., J. S. Allen, Jr., and Dr.

Fessey, purporting to relate the statements of Dr. Allen, to which we have referred, was, on objection of defendant, excluded by the chancellor as incompetent; and statements in certain letters and in "proofs of loss," relating to the manner in which Dr. Allen was injured, were likewise excluded as hearsay and incompetent.

The complainant did not appeal from the rulings of the chancellor by which said testimony was excluded, and he has not *formally* assigned errors in this court, as may be done by an appellee on a *broad appeal* by the appellant in a chancery case. Pigg v. Houston & Liggett, 8 Tenn. App., 613, 618, and cases there cited. Mere discussion in the brief and argument for appellee will not suffice for an assignment of error. Taylor v. Elgin, 140 Tenn., 602, 617, 205 S. W., 428.

In the brief for appellee in the instant case it is said:

"We insist that the statements of Dr. Allen made to Barton Dement, Jr., and others are competent, especially the statements made to Mr. Dement, and the reason, the statements made by the deceased to Mr. Dement at the time he showed him the injury was a part of the transaction of the showing him his arm, and the Chancellor was in error in sustaining the exceptions of the defendant or appellant to any and all statements made by the deceased, and if the Chancellor was in error in sustaining the exceptions, as we insist he was, it was not necessary for the complainant administrator or appellee to have appealed from his ruling in order to get the benefit of it in this Court the record shows that the complainant excepted to the court's ruling, and this is all that was necessary, and if the statements are competent, this Court can consider them."

Without intending to hold that the foregoing quotation from appellees's brief is sufficient in form to constitute a valid assignment of error under the rules of this court, we have nevertheless examined and considered the aforesaid testimony of the witnesses purporting to state what Dr. Allen said to them with respect to the manner in which the abrasion or wound on his arm was inflicted, and we are of the opinion that it was incompetent and was properly excluded, for the reason that the declarations of Dr. Allen which the witnesses undertook to repeat were not a part of the res gestae.

There is a considerable diversity of opinion among the courts of the several states with respect to the application of the res gestae rule to particular cases, the courts differing as to when a declaration is so far coincident in point of time with the principal fact as to fall within the contemplation of the general rule that

(1) A declaration sought to be proved must have been contemporaneous with the event established as the principal act, and (2) a declaration which is merely a narrative of a past occurrence is not a part of the res gestae and cannot be received in evidence.

In Tennessee, the courts have adhered closely to the rule

that declarations, in order to be evidence as a part of the res gestae, must be contemporaneous with the principal transaction of which they are a part, and in each case such declarations must be excluded if they do not tend to give character to a contemporaneous act, and are merely narrative, however nearly connected in time they may be with the main fact in controversy. Gulf Refining Co. v. Frazier, 15 Tenn. App., 662, 678, 679, and cases there cited.

■ In harmony with the rule just stated, narrative statements as to the cause of his injury, made by an insured after the alleged occurrence, are not part of the res gestae, and are, therefore, inadmissible in evidence. It has been so held in a number of insurance cases from other jurisdictions annotated in 93 A. L. R., 420-424, which cases are in accord with the general rule prevailing in this state as to what constitutes a part of the res gestae. See Gulf Refining Co. v. Frazier, supra.

■ With reference to the testimony of Dr. Fessey: It is true that there is much latitude allowed a physician in testifying to the statements of his patient, and he may testify to statements of his patient relating to the patient's condition at the time he is under treatment, but statements of the patient relating to the manner in which an injury was received are not admissible. Freeman v. Loyal Protective Insurance Co., 196 Mo. App., 383, 195, S. W., 545, 548; Equitable Mutual Accident Association v. McCluskey, 1 Colo. App., 473, 29 Pac., 383; Globe Accident Insurance Co. v. Gerisch, 163 Ill., 625, 45 N. E., 563, 54 Am. St. Rep., 486; North American Insurance Co. v. Hill, 182 Ky., 125, 206 S. W., 170; Omberg v. U. S. Mutual Accident Association, 101 Ky., 303, 40 S. W., 909, 72 Am. St. Rep., 413; Strommen v. Prudential Insurance Co., 187 Minn., 381, 245 N. W., 632.

It results that there was no error in excluding the testimony of Barton Dement, Jr., J. S. Allen, Jr., and Dr. Fessey purporting to state declarations made to them by Dr. Allen, the insured, to the effect that he had suffered an injury to his arm at a specified time and place and in a described manner.

However, with respect to the *time* when Dr. Allen's arm was injured, there is nothing definite in his statements as related by the witnesses, except that Dr. Fessey says that Dr. Allen came to see him on August 30th and told him at that time that he hurt his arm on a car door or bus door, "six or eight days before" that date. This would place the date of the injury prior to the date of the policy (August 25th).

J. S. Allen, Jr., did not testify that his father stated the time his arm was injured. The witness merely states that the first time he heard his father complain of his arm was in the afternoon of August 26th.

If the statements of Dr. Allen to Barton Dement, Jr., were ad-

560

missible in evidence, it might be *inferred* therefrom that Dr. Allen struck his arm on a bus door on August 26th, as the purport of his statements to Dement was to the effect that he had gone to the bus station to meet "somebody" and had struck his arm against the bus door, during the same afternoon in which he had the conversation with Dement.

Holding, as we do, that there was no error in the rulings of the chancellor by which he excluded the testimony hereinbefore pointed out, it follows that there is no evidence showing that the death of the insured (Dr. Allen) resulted from "bodily injuries inflicted during the term" of the insurance policy in question, and no evidence that the abrasion on his arm was effected through "accidental means," and proof of both of these matters was essential to a recovery for complainant.

2. In response to the contention of the appellant that there was no compliance with the provisions of the policy with reference to giving notice to the Insurance Company, the appellee says, among other things, that appellant (the defendant below) admitted in its answer to complainant's bill that if Dr. Allen, the insured, had been injured as set forth in the bill, he would be entitled to recover as provided in part B of the policy of insurance.

This was an admission of record which operated as a waiver of reliance upon "the provisions of the policy with reference to giving notice to the insurance company."

It is true that, more than six months after its answer was filed and after proof was taken, as hereinbefore stated, the defendant filed an amendment to its answer by which it sought to rely on the provisions of the policy that "written notice of injury on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury," and "in event of accidental death immediate notice thereof must be given to the Company;" but the amendment was confined to the addition of a paragraph to the answer, and there was no effort to withdraw or strike from the answer the aforesaid admission that complainant would be entitled to recover if the insured was injured as alleged in the bill. The result is that the original answer, in its entirety, remains as filed, and the amendment is inconsistent with and repugnant to the previous admission in the answer, and will not relieve the defendant of the effect of such admission, which is conclusive against the defendant. Gibson's Suit in Chancery (3 Ed.), secs. 459, 435, 409 (subsec. 12); Williams v. Frazer, 6 Tenn. App., 211, 219.

It results that the appellant is precluded from relying upon the provisions of the policy with respect to notice; but, for the absence of evidence that the death of the insured, Dr. Allen, resulted from bodily injuries effected during the term of the insurance policy upon

which this suit is based, through accidental means, the appellant's assignments of error numbered 2 to 5, inclusive, are sustained, and the decree of the chancery court is reversed, and complainant's suit is dismissed.

The costs of the cause, including the costs of the appeal, will be adjudged against the complainant Alex Bell, as administrator of the estate of Dr. J. S. Allen, deceased.

Crownover and DeWitt, JJ., concur.