Nelson, J.,'
delivered the' opinion of the court.
The plaintiff, who is an attorney at St. Louis, brought this suit before a justice, upon an account for $100 for certain professional services specified, having previously made affidavit to the correctness of the account, and caused the certificate of a State Commissioner to be annexed thereto, pursuant to the Code, s. 3780. The warrant issued by the justice requires the defendant “to answer the complaint of John Wickham, of a plea of debt due by account for $100 and interest.” The bill of exceptions shows that “the plaintiff proposed to read as evidence the account attached to the warrant, which was objected to by defendant, and objection overruled by the court, and tjie account was submitted as evidence to a jury.” The defendant was examined as a witness on the trial in the Circuit Court, and made statements to the effect that plaintiff did not render the services contemplated in the contract, but admitted that he had addressed certain letters to the plaintiff which are set out in the record and tend to establish the contrary. If the defendant was a competent witness, this court would not disturb the verdict of the jury, as the jurors had a better opportunity to observe his manner and demeanor and to judge of his credibility. The plaintiff objected to his examination as a witness and to his being allowed “ verbally, under his oath, to deny the correctness of the account,” but the court overruled the objection and charged the jury, in substance, that the defendant’s denial on oath as a wit *331 ness was sufficient to make an issue for tbeir determination, and that they could look to the affidavit of plaintiff and the statements of defendant, and all the testimony in the cause, “to find whether- the defendant owes the plaintiff the sum claimed, or any sum whatever.”
The statute declares that the account coming from another county or State, authenticated in the manner prescribed, is conclusive evidence against the party sought to be charged, unless he shall on oath deny the account:” Code, s. 3780. It is not expressly declared in what mode the account shall be introduced, but in Hunter v. Anderson, 1 Heis., 3, it was held th'at the plaintiff should in his declaration allege that the account is an account from another' county or State, verified under said section of the Code, and make profert of his account in his declaration; and that where this is done, the defendant must file his denial on oath with his plea, so as to prevent surprise to either party on the trial.
An equitable construction of the statute requires the application of a similar rule to suits brought on such accounts before a justice, and it should be stated in the warrant or otherwise appear that the suit is brought upon a proven account from another county or State. As the proceedings before a justice are ore terms and not conducted with the same strictness as in courts of record, the defendant was sufficiently notified ' in this case by the fact that the certified account was attached to the warrant, and should have made his denial on oath before the justice, in writing, *332 as in cases where the plea of non est faetum is relied upon. At farthest, this should have been done by way of amendment in the Circuit Court, before the case was submitted to a jury. The statute does not contemplate that either party shall be examined on oath as a witness in the usual form, but evidently intends that the affidavit required from the one party shall be denied by a similar affidavit from the other. The trial in this case occured at July Term in 1871, after the act of 1870, ch. 95, was approved on the 7th of July, 1870. See Shankland’s Statutes, 265. Rejecting as a typographical error the word “ not” in that statute, it expressly repeals so much of the act of February, 1870, c. 78, declaring that no person shall be incompetent to testify because he or she is a party to or interested in the issue tried, as is in conflict with the Code from s. 3780 to 3785. The inference from this legislation is irresistible that it was the intention to exclude persons making affidavits to or denying the accounts mentioned in section 3780 from being examined as witnesses, and to render them incompetent in that character. How far the act of 1870, c. 95, affects the remaining sections of article 2, chapter 2, title 3, part iii of the Code, which follow s. 3780, it is not necessary to determine, as no question upon those sections arises in this case.
•Let the judgment be reversed.