## W. K. JENKINS v. SOUTHERN LUMBER CO.

Western Section. December 31, 1926.

No petition for Certiorari was filed.

1. **Appeal and error. Assignment of error must be specific.**

The Appellate Court will not consider a general assignment of error such as "The Court erred in finding for the plaintiff and against the defendant on the record in this case."

2. **Appeal and error. A plea when stricken ceases to be a part of the record.**

A plea when stricken ceases to be a part of the record and to make it a part of the record, so that it can be reviewed on appeal, it is necessary to incorporate it in the bill of exceptions together with the Court's action in regard to it.

3. **Account, action on. Declaration must aver a proven account in a suit on an account coming from another county or state.**

The declaration must aver a proven account under the statute, and make profert of it; a justices' warrant should show a proven account from another county. In a suit before a justice of the peace, upon a proven account coming from another county or state, it should be stated in the warrant, or otherwise made to appear that the suit is upon such account.

4. **Account, action on. Evidence. Affidavit held sufficient to prove account.**

Where there was no objection made as to the affidavit being incompetent or immaterial and the Court accepted the sworn statement of the secretary-treasurer of the plaintiff as proving the account sued on, held there is some material evidence to sustain the judgment of the lower court.

Appeal in Error from Circuit Court, Shelby County; Hon. M. R. Patterson, Judge.

Affirmed.

O. U. Burgess, of Memphis, for appellant.

W. B. Cowan, of Memphis, for appellee.

OWEN, J. This suit was originated before a Justice of the Peace of Shelby county. There was a judgment for the Lumber Company, plaintiff below, and an appeal to the Circuit Court, where it was heard before the Hon. M. R. Patterson, without the intervention of a jury, and judgment pronounced for plaintiff in the sum of $353.16.

We quote from the judgment of the court as found on page 18 of the record, as follows:

"Southern Lumber Company )
　　　　　　　　　　　　　)
　　　　　v.　　　　　　　) In the Circuit Court of Shelby
　　　　　　　　　　　　　) County, Tennessee. Division One,
W. K. Jenkins　　　　　) April 14, 1926. No. 54341, T. D.

"This case came on to be heard this day in Division One of Circuit Court upon the sworn account of the plaintiff, the plea of the defendant and the motion of the plaintiff to strike defendant's plea, and

"It appearing to the Court that plaintiff's account is properly sworn to, and that the defendant has filed no denial of said account and has introduced no proof, and it further appearing that the plaintiff's motion is well taken,

"IT IS THEREFORE, 'ordered' that defendant's plea be stricken from the files and that the plaintiff have and recover from the defendant the sum of $353.16 and the costs of the cause, for which let execution issue. M. R. Patterson, Judge."

It appears that this, is a minute entry from Minute Book 81, page 505.

The defendant seasonably filed his motion for new trial, which was overruled. He prayed and was granted an appeal to this Court and has perfected the same; has assigned nine errors, which are the errors complained of in the motion for a new trial.

The bill of exceptions, which appears at pages 12 and 13 of the transcript, sets forth:

"On the trial of this case the following evidence was submitted to the court and the following proceedings were had:

"The sworn statement of account was submitted to the court, which account comes from the State of Alabama.

"The defendant moved the court to dismiss the case on the ground that profert was not made of the account in plaintiff's summons and on the further grounds stated in defendant's pleas. But the court refused to dismiss. To which action of the court defendant excepted.

"The plaintiff moved the court to strike defendant's pleas but the court did not at the time rule on said motion, but had the case submitted and gave judgment in the following language written on the jacket of the court file:

" 'Pleas dismissed because not sworn to and the question of jurisdiction raised for the first time in Circuit Court.'

"THIS WAS ALL THE EVIDENCE.

"The two cases Nos. 54340 and 54341 were taken under advisement by the court and later judgments were rendered by the court in both cases at the same time.

"Defendant duly filed his following: Motion for New Trial Filed April 17, 1926, R. L. McGaughey Clerk, D. H. King, D. C."

This is followed by the motion for a new trial, which motion ends on page 15 of the transcript. Thereupon the transcript recites that the defendant "tenders this his bill of exceptions to the judgment of the Court."

The assignments of error are as follows:

"1. The Court erred in not holding that profert not having been made by the plaintiff in its summons of the accounts coming from another State, the defendant would not be required to deny the said accounts under oath.

"2. The court erred in rendering judgment for the plaintiff because there is no evidence in the record before the court to support the judgment rendered.

"3. The Court erred in dismissing, or overruling, defendant's pleas in the following words written on the jacket of the court file: 'Pleas dismissed because not sworn to and the question or jurisdiction raised for the first time in Circuit Court.'

"4. The Court erred in not sustaining defendant's pleas and in not holding that plaintiff could not legally split its cause of action and bring two suits against defendant at the same time on items alleged to be due plaintiff by the defendant at the same time.

"5. The Court erred by finding for the plaintiff and against the defendant on the record in this case.

"6. The Court erred in holding that plaintiff could split its cause of action and bring two suits at the same time against the defendant, thereby bringing its causes of action within the jurisdiction of a Justice of Peace, and thereby perpetrating a fraud upon the court, and a fraud upon the defendant vexatious litigation and a vexatious multiplicity of suits and unnecessary and burdensome court costs.

"7. The Court erred in not requiring the plaintiff a non resident of Tennessee to give a good and sufficient cost bond in the case.

"8. The Court erred because the verdict is against the law.

"9. The Court erred because the verdict is against the evidence."

The fifth, eighth and ninth assignments of error are overruled, because they are too general. As to the seventh assignment in regard to requesting plaintiff to give cost bond, the record fails to show that there was any rule made on the plaintiff to give a cost bond. Nowhere in the record does it appear that anything was said about a cost bond until the motion for a new trial was filed, and it came too late. This assignment of error is overruled.

As to the sixth assignment in regard to the Court's holding that plaintiff could split its cause of action and bring two suits at the same time, there is nothing in the record to show that any cause of action was split. It is true the record shows that there were two suits between these parties, but the record we have before us doesn't

show what the nature of the other suit was, neither does it show the result of the other suit. It shows that the instant case, which is No. 54341 was heard with 54340 and taken under advisement and later judgment rendered by the court in both cases at the same time. The sixth assignment of error is overruled.

The third and fourth assignments are in regard to striking the defendant's plea in abatement which raise the question of there being two suits pending between these parties, but this plea when stricken was not preserved by bill of exceptions. Therefore, we cannot consider it. A plea when stricken, ceased to be a part of the record, and to make it a part of the record so that it could be reviewed it was necessary to incorporate it into a bill of exceptions, together with the court's action in regard to it. Sams v. State, 133 Tenn., 188.

Our Supreme Court has also repeatedly held that a petition disallowed in the lower court must be embodied in the transcript by bill of exceptions duly signed and authenticated by the Chancellor, if it is to be considered on appeal. Fidelity & Guaranty Co. v. Rainey, 120 Tenn., 357.

The warrant of the justice of the peace does not recite that the account sued on comes from another county and is duly proven, etc., but recites that the defendant is indebted to plaintiff in a plea of debt by account $353.10. The declaration must aver a proven account under the statute, and make profert of it; a justice's warrant should show a proven account from another county. In a suit before a justice of the peace, upon a proven account coming from another county or state, it should be stated in the warrant, or otherwise made to appear that the suit is upon such account. It was held that it otherwise appeared, where the warrant was in the usual form of an ordinary account and without more, and the proven account was merely attached to the warrant. Wilcorn v. Gilespie, 6 Heisk., 329.

Learned counsel for the plaintiff insist that the account duly sworn to which is in the transcript, was attached to the warrant, when the matter was before the trial judge. The trial judge satisfied himself that the account was duly proven and so stated in his finding of facts as shown by the bill of exceptions and in his judgment. There was no denial of the account under oath. We take it that it otherwise appeared that the account was made profert of by being attached to the justice's warrant, and that the trial court heard material evidence offered in behalf of the plaintiff to sustain its account. The account shows that two carloads of lumber were shipped to the plaintiff, by a proper affidavit made by the Secretary-treasurer of the plaintiff, which affidavit is under the seal of a notary public from Fayette county, State of Alabama. There was no objection to the introduction of this account in the lower court, and the bill of exceptions shows that it was offered by the plaintiff. The bill

of exceptions does show that there was a motion to dismiss plaintiff's case on the ground that profert was not made of the account in plaintiff's summons. No exception was made as to this affidavit being incompetent or immaterial, and the Court accepted the sworn statement of the secretary-treasurer of the plaintiff as proving the account sued on and we are of opinion that there is some material evidence to sustain the judgment of the lower court.

It results that all of the assignments of error are overruled and disallowed. Counsel has cited numerous authorities that a cause of action could not be split, and this is the law, but counsel for the defendant has failed to prove that the plaintiff in the instant case split his cause of action.

It results that the judgment of the lower court is affirmed. The plaintiff will recover of the defendant the amount of the judgment below, with interest thereon from the date of its rendition, and all the cost of the cause, for which execution will issue. It appears that the defendant appealed upon the oath for poor persons.

Heiskell and Sherrod, JJ., concur.