ORVILLE MARKLAND, by next friend, A. C. MARKLAND v. ELIZABETHTON GENERAL HOSPITAL AND DR. JOHN O. WOOD.

Eastern Section. May 6, 1927.

No petition for Certiorari was filed.

1. **Appeal and error. Failure to comply with rules of court held excusable.**
Where an attorney failed to file his assignments of error in the time required by Rule Eleven of the Court of Appeals and later filed an affidavit showing that he was sick and unable to file his assignments of error in the time allowed held that the court would set aside the affirmance of the judgment and hear the case on its merits.

2. **Appeal and error. Assignment of error held too general.**
An assignment of error that the court erred in not granting a new trial on the various grounds set forth in the motion for new trial is too general and will be overruled.

3. **Appeal and error. Court of Appeals can pass only upon matters in the record.**
Where it was urged as error that the court would not grant a new trial on the ground that plaintiff's injuries had become worse since the trial of the cause, and there was nothing in the record to show these facts, held that the assignment could not be considered by the appellate court.

4. **Trial. Counsel is given broad latitude in the cross-examination of witnesses.**
    Counsel is given broad latitude in the cross-examination of witnesses; especially to show or develop whether or not the witness had any feeling or was biased or prejudiced in his testimony.

5. **Appeal and error. The record on appeal must show what answer or witness would have been before the appellate court can grant a reversal.**
    Where a doctor was asked certain questions and the record showed that they were not answered, held that the appellate court can not reverse the case unless the record shows what the answer of the doctor would have been, for in order to be the basis of an assignment of error, excluded testimony must be such as might reasonably be expected to affect the verdict of the jury.

6. **Evidence. Evidence to show interest of a doctor in his patient held admissible.**
    Where evidence was offered to show that a doctor sued for malpractice had consulted other doctors held the evidence was admissible for the purpose of showing the interest of the doctor in his patient.

7. **Evidence. Physicians and surgeons. Evidence as to other operations not admissible. In an action for malpractice.**
    Where it was sought to introduce evidence to show that the defendant had two unsuccessful operations, held that such testimony was not admissible.

8. **Physicians and surgeons. A physician does not guarantee the cure of his patient.**
    Presuming a careful diagnosis, a physician is not liable for damages resulting from an honest mistake in determining upon the character of treatment to be administered, or in determining upon the necessity of an operation. These things are mere matters of judgment upon which an action cannot ordinarily be predicated.

Appeal from Circuit Court, Carter County; Hon. D. A. Vines, Judge.

Affirmed.

Robert D. Hyder, of Elizabethton, for plaintiff in error.

Allen & Allen, of Elizabethton, for defendant in error.

OWEN, J. The judgment of the lower court was affirmed April 5, 1927. The defendants had filed a motion asking that the rule be enforced, and that the judgment of the lower court be affirmed because counsel for plaintiff had not filed his assignments of error within twenty-five days after filing of the transcript. Shortly after the affirmance a petition was filed, asking that the affirmance be set aside and that the cause be heard on its merits. The transcript was filed January 20, 1927. Plaintiff filed his assignments of error March 3, 1927. Reply brief was filed April 2, 1927, and also a motion to affirm, because the plaintiff had not complied with Rule 11 of this court.

In the motion or petition to set aside the affirmance and hear the cause on its merits, counsel for the plaintiff states in an affidavit, and he is corroborated, that during the month of February 1927

he was ill with influenza; that his wife was ill at the same time, and on account of said illness of himself and wife he was delayed in filing his assignments of error. The petition to set aside the affirmance is sustained and the affirmance of April 5th is set aside and we will proceed to hear the case upon the assignments of error and brief in support thereof, and a reply brief.

The plaintiff, Orville Markland, a boy fifteen years of age, instituted his suit by and through his father and next friend, A. C. Markland, in the circuit court of Carter county, against the defendants. He alleged that the defendant Dr. John O. Woods was guilty of negligent, unskillful and unprofessional treatment of plaintiff in rendering medical attention and surgical aid to Orville Markland who had sustained a broken thigh about the first of September 1925; that plaintiff was received at the Elizabethton General Hospital, which is a private hospital, and that the defendant Woods had charge and control of said hospital and he was the agent of said hospital and was acting in the scope of his authority as such agent when he wrongfully treated the plaintiff. It was insisted that the defendant Woods did not properly bandage the plaintiff's thigh, leg and foot; that he bandaged it too tight and caused the limb to become black and swollen.

There was a demurrer to the original declaration, which was sustained, but plaintiff was allowed thirty days in which to file an amendment. After the amendment was filed the defendants filed pleas of not guilty. The cause was tried by the court and a jury, and the jury returned a verdict in favor of the defendants. The plaintiff seasonably filed his motion for new trial, which was overruled, proper exceptions made thereto, and an appeal prayed, granted and perfected. The plaintiff has assigned fourteen errors in this court.

The fourteenth error is that the court erred in not granting a new trial on the various grounds set forth in the motion for a new trial.

This assignment is too general, and is overruled. Thurmon v. Whitaker, Vol. 1, Court of Appeals, p. 111.

The eleventh and thirteenth assignments of error insist that the verdict of the jury is not supported by the evidence and that the verdict of the jury is contrary to the law. These assignments of error cannot be considered in this court, as this is an appellant court and does not weigh evidence. Kirkpatrick v. Jenkins, 96 Tenn., 87, 33 S. W., 819; Record v. Cooperage Co., 108 Tenn., 660, 69 S. W., 334; Publishing Co. v. Berger, 2 Higgins, 183.

There is no assignment that there is no material evidence to support the verdict, and it is agreed that the charge of the court

was correct, and it is not copied in the record. It results that the eleventh and thirteenth assignments of error are overruled.

The twelfth assignment complains of the action of the court in not granting a new trial on the ground that the plaintiff's foot, heel, ankle, leg and thigh had become worse and swollen since the trial of the cause, which fact was shown by exhibiting these parts to the court. There is nothing in the record on which to base this assignment of error and it is overruled.

The seventh assignment of error complains of error in the court in answering the questions of two jurors, namely, M. F. Edens and E. J. Pearce, after he had concluded his charge to the jury. There is nothing in the record to show that any juror asked any question or the court made reply to such question, if asked. On page 28 of the transcript we find the following: "The court charged the jury as follows: Both plaintiff and defendant by their attorneys excused the clerk in copying the charge to the jury as no exception was made to the charge."

Following this statement it is said that the court overruled the motion for a new trial, the plaintiff tenders his bill of exceptions, etc. There being no basis for such an assignment, the same is overruled.

The eighth assignment of error, which covers more than a page of plaintiff's brief, complains of the action of the court in not sustaining objections to the speech or remarks of Ben Allen, Esquire, attorney for the defendants. There is nothing in the record to show that the case was argued by counsel to the jury, or that Ben Allen, attorney, made any speech, or any objection was made to the speech that he did make, if he made one, so there is no basis for assignment No. 8 and this assignment is overruled and disallowed.

The remaining assignments complain that the court erred in admitting certain testimony and in excluding certain testimony.

The first three assignments of error complain of the court's action in permitting the defendants to ask A. C. Markland and Orville Markland on cross-examination if they instituted any suit until after the hospital and Dr. Wood had sued A. C. Markland for services rendered Orville Markland.

Counsel is given broad latitude in the cross-examination of witnesses; especially to show or develop whether or not the witness had any feeling or was biased or prejudiced in his testimony. Counsel for the defendant wanted to establish the motive or reason why this suit for malpractice was instituted, and it was not error to permit the questions that were asked, and the answers given thereto, which simply stated that no suit was brought by plaintiff until after the defendants had both sued A. C. Markland,

the father of Orville Markland, and these three assignments are overruled.

Assignments five, six and ten complain of the court's action in sustaining exceptions to certain evidence offered by the plaintiffs by the witness Dr. J. V. Shoun. Dr. Shoun was called in rebuttal. It was insisted that the testimony of Dr. Shoun should have been given in chief. Dr. Shoun answered some of the questions in the presence of the jury, which were excepted to and the exceptions sustained; but the questions asked and the answers given were immaterial, and several questions that were asked were never answered.

The record, of course, would have to show what Dr. Shoun's answers would have been. This court cannot presume what his answers would have been. One question asked was, whether or not the condition of the plaintiff's foot, heel, ankle and leg was the result of negligence, malpractice and lack of skill and attention upon the part of the defendants. This question was not answered. Dr. Shoun was asked to state whether or not Dr. Wood was a skilled surgeon. This question was not answered.

In order to be the basis of an assignment of error, excluded testimony must be such as might reasonably be expected to affect the verdict of the jury. Mauldin v. Schwill, 1st App. Rep., 348; Railroad Co. v. Naive, 121 Tenn., 239; Davis v. Davis, 6 Lea, 543; Douglas v. Neal, 7 Heisk., 437.

It results that these three assignments of error are overruled, and disallowed.

The ninth assignment complains of the action of the court in permitting Dr. Cottrell, a practicing physician at Elizabethton to testify that Dr. Wood called in the witness Dr. Cottrell for consultation as to Orville Markland's condition while he was suffering with his broken thigh. Dr. Wood was of the opinion that the boy was developing a case of appendicitis. Dr. Cottrell, upon an examination, was of opinion that the boy did not have appendicitis, and no operation was performed. Dr. Cottrell had testified that he knew Dr. Wood, and that Dr. Wood was a skilled physician and this proof offered by Dr. Cottrell was for the purpose of showing the interest and care that Dr. Wood was giving to the plaintiff while he was in the hospital, and we are of opinion that there is no error in permitting this question to be asked and answered as it was. This assignment of error is overruled.

It appears from the facts of the case that the plaintiff was a patient of one Dr. J. N. Rasor. Dr. Rasor was the family physician of the plaintiff. After ascertaining the extent of the boy's injuries after the accident, Dr. Rasor had the boy carried to the hospital. He visited him every day, and after the boy returned

to his home Dr. Rasor again visited the plaintiff, but before his arrival at the home after the boy was returned from the hospital the father of the boy had removed the bandages from the boy's leg or thigh. It was insisted by the plaintiff that Dr. Wood had agreed to come and remove these bandages, but that he failed to come, and the boy was suffering so the father removed them himself. Dr. Wood denied any such agreement. He testified and was corroborated by other physicians that his treatment, care and attention was given only while the boy was confined in the hospital; that he was Dr. Rasor's patient and it was not defendant's duty and not expected of Dr. Wood to go to the boy's home.

Dr. Rasor corroborated Dr. Wood as to the proper treatment being given the boy; that proper splints were used and proper weights were attached to the boy's leg so as to make the bone knit properly.

The fourth assignment complains of error in the court in not permitting the plaintiff to examine Dr. Wood as to his unsuccessful operations on two women of Elizabethton; that both had died after the operations. This was properly excluded. It was immaterial and irrelevant, and the plaintiff was not entitled to show that Dr. Wood had lost two patients any more than Dr. Wood could have testified that he had two or more successful operations, and further told of his successes.

"A physician does not guarantee the cure of his patient. Presuming a careful diagnosis, a physician is not liable for damages resulting from an honest mistake in determining upon the character of treatment to be administered, or in determining upon the necessity of an operation. These things are mere matters of judgment upon which an action cannot ordinarily be predicated. Burnette v. Layman, 133 Tenn., 328, 181 S. W., 157.

"The surgeon undertakes for a due and proper degree of skill and diligence in his profession, and for the employment of these he is entitled to a reasonable compensation. His right to recover does not depend upon the fortune of the case, whether it be good or bad, but upon the skill, diligence and attention bestowed." Adler v. Buckley, 1 Swan, 70.

We are of opinion that none of the errors assigned are good; that the merits of this law suit have been reached; that there is evidence to sustain the verdict of the jury; that there is no complaint as to the charge of the court, and under chapter 32, Acts 1911, this court will not reverse where the merits of the case have been reached, and we find in the instant case, as stated above, that they have.

It results that all of the assignments of error are overruled and disallowed and the judgment of the lower court is affirmed. The

plaintiff will pay the cost of the cause, it appearing that the oath for poor persons was filed in lieu of appeal bond.

Heiskell and Senter, JJ., concur.