WHITEHURST v. HOWELL (two cases).

HOWELL v. WHITEHURST.—98 S. W. (2d) 1071.

Middle Section. February 8, 1936.

Petition for Certiorari denied by Supreme Court, December 4, 1936.

A. J. Grigsby, Jr., and W. J. Byers, Jr., both of Nashville, for the Whitehursts.

A. Lawson Davis and White & Howard, all of Nashville, for the Howells.

FAW, P. J.   About 7 o'clock p. m., on November 4, 1932, there was a collision at the intersection of Ninth Avenue South and Glenn avenue in the city of Nashville between two automobiles. One of the automobiles was a Chevrolet sedan owned by R. B. C. Howell, Jr., and the other was a Ford town sedan owned by B. S. Whitehurst.

At the time of the collision, Morton B. Howell, 4th, a brother of R. B. C. Howell, Jr., was driving the Chevrolet, and he was accompanied by John Aldridge, a negro man about twenty-four years of age, who was seated beside him.   B. S. Whitehurst was driving his Ford car, and his wife was riding beside him on the front seat.

Both cars were badly damaged by the impact of the collision, and Mrs. Whitehurst and John Aldridge suffered personal injuries.

Three separate actions at law were instituted in the circuit court of Davidson county to recover damages for injuries which, it was averred by the respective plaintiffs, had been suffered by them as the result of the aforesaid collision, and these three cases were tried together, by consent, before a jury in the circuit court, and each of the cases has been brought to this court by an appeal in the nature of a writ of error, but all of them have been brought up in one transcript and tried together here.

However, separate verdicts and judgments were rendered, separate motions for new trial were made and overruled, and separate appeals were granted, in the three cases below. The joint trial was ordered by the court, with the consent of the parties, presumably for the reason that all of the cases arose out of the same transaction, depended in large measure upon the same proofs, and a joint trial would serve the convenience of the court and litigants, and save much time and expense. 64 C. J., pp. 35, 36.

But such joint trial did not, and *could not*, operate as a technical consolidation of the three cases. Lumiansky v. Tessier, 213 Mass., 182, 99 N. E., 1051, Ann. Cas., 1913E, 1049, 1052; Yardley v. Rutland Railroad Co., 103 Vt., 182, 153 A., 195, 196; Azinger et ux. v. Pa. Railroad Co., 262 Pa., 242, 105 A., 87, 88.

The verdict and judgment in each of the three cases (in so far as it is challenged by assignments of error) must be tested here by the pleadings in that case and the evidence pertinent and relevant thereto. Of course, the major part of the evidence was relevant to the issues in each and all of the cases.

A brief preliminary statement with reference to each of the three cases, separately, will tend to clarify the issues before this court presented by the assignments of error.

B. S. Whitehurst v. Morton B. Howell, 4th.

On February 7, 1933, B. S. Whitehurst sued Boyte Howell, Jr., and Morton B. Howell, 4th, in the circuit court of Davidson county, for $1,000 as damages, and averred, in the first count of his declaration filed on the same day, that on November 4, 1932, plaintiff and his wife, Annie May Whitehurst, were riding in an automobile on Glenn avenue, in the city of Nashville, Davidson county, Tenn., going in a westerly direction and approaching the intersection of Ninth Avenue South and Glenn avenue, and intending to cross Ninth Avenue South and continue in a westerly direction on Douglas avenue; that plaintiff (B. S. Whitehurst) had come to a full stop before reaching the east side of Ninth avenue, and before entering Ninth Avenue South, and while in the exercise of due caution and care to avoid collision and accident, and while standing still, a Chevrolet car owned by defendant Boyte Howell,

Jr., and operated at the time by the defendant Morton B. Howell, 4th, and by defendant Boyte Howell, Jr.'s, agent, with Boyte Howell, Jr.'s, knowledge, consent, and approval, approached from the north on Douglas avenue, crossing said Douglas avenue in a southerly direction, and entered Ninth Avenue South and proceeded south towards the car in which plaintiff was riding at an unlawful, reckless, and highly dangerous speed, whereby said defendant's car was negligently, willfully, violently, and with great force and violence, driven against, into, on and over the car in which plaintiff was riding, striking Annie May Whitehurst, wife of plaintiff, with great force and violence, whereby she was knocked about the car in which she was riding, and cut, bruised, and injured on her head, face, body, arms, and legs, and greatly shocked physically and nervously, and rendered unconscious, whereby great physical and mental suffering has been endured by the said Annie May Whitehurst, and it has been necessary to employ doctors and to purchase medicines in an effort to be cured, and by which she has been rendered less able to perform her duties, and less capable of enjoying life and is permanently injured; that because of said injuries inflicted by the negligence of said defendants as aforesaid, plaintiff's said wife was caused to suffer physical pain and mental anguish and permanent nervous derangements and disorders all through no fault or negligence of plaintiff; that because of said injuries to his said wife, plaintiff was forced to call in doctors for treatment and his said wife had to remain under the treatment of doctors for a period of —— weeks; that plaintiff wholly lost the services of his said wife from that day until ——; and by reason of the premises, plaintiff was obliged to lay out and expend divers sums of money amounting in all to $—— as expense in endeavoring to get his said wife cured of her injuries as aforesaid.

Plaintiff further avers that he is the owner of said automobile which was badly wrecked by virtue of the accident caused by the careless, negligent, and reckless driving of defendants, and he has had to expend the sum of $—— in having same repaired.

Complainant further avers that the driver of defendants' automobile gave no warning of his approach, and that he was not observing what was in front of him nor looking where he was going, and that while so driving said automobile, the wife of plaintiff was run over and injured as aforesaid, and her said injuries were directly and proximately caused by the carelessness, negligence, and recklessness of the said defendants.

The declaration of B. S. Whitehurst contains two counts, and the second count contains substantially the same averments as the first, except with respect to the alleged negligence of the defendants named in the declaration. In the second count it is alleged

that the Chevrolet car crossed Douglas avenue in a southerly direction, entered Ninth Avenue South, and proceeded south towards the car in which plaintiff was riding, at an unlawful, reckless, and highly dangerous rate of speed in excess of thirty miles per hour, in violation of section 5 of Ordinance No. 385, of the city of Nashville, which section is in words and figures as follows:

"Sec. 5. Be it further enacted, That it shall be unlawful for any vehicle to exceed a speed of thirty miles per hour within the corporate limits of said City. No vehicle shall exceed a speed of fifteen miles per hour at any crossing or intersection of the street, highways or other thoroughfares of said City provided, that this provision shall not apply on such streets as are hereinafter designated as 'Arterial Highways'; and, provided further, that no vehicle shall exceed a speed of ten miles per hour while within the confines of any safety or school zone of said City, or when turning corners."

Each of the named defendants, Boyte Howell, Jr., and Morton B. Howell, 4th, filed a plea of not guilty to said declaration of B. S. Whitehurst. After he filed his plea as aforesaid, Boyte Howell, Jr., in some way unexplained in the transcript brought to this court, disappeared from the record as a defendant to the suit of B. S. Whitehurst. It was stated by the trial judge that "this case had been tried before," but the result of such former trial is not disclosed. It might be surmised that, either as the result of the former trial or by voluntary action of plaintiff Whitehurst, the case against Boyte Howell, Jr., had been dismissed. However this may be, it is clear from the record that Morton B. Howell, 4th, was the sole defendant to the suit of B. S. Whitehurst at the trial now under review, and the jury found the issues in his favor; whereupon the trial court dismissed said suit of B. S. Whitehurst and adjudged that defendant Morton B. Howell, 4th, recover of plaintiff B. S. Whitehurst all the costs of the cause. B. S. Whitehurst moved for a new trial, but his motion was overruled, and he thereupon prayed, was granted, and perfected an appeal in the nature of a writ of error to this court.

Mrs. Annie May Whitehurst v. Morton B. Howell, 4th.

On February 7, 1933, an action was brought in the circuit court of Davidson county by B. S. Whitehurst and his wife, Annie May Whitehurst, against Boyte Howell, Jr., and Morton B. Howell, 4th, to recover $5,000 as damages for personal injuries suffered by Mrs. Annie May Whitehurst in the same collision described in the aforesaid declaration in the case of B. S. Whitehurst v. Morton B. Howell, 4th. The general description of the place of the collision, the negligence alleged, and the description of the injuries of Mrs. Whitehurst, are substantially the same as in said declara-

tion of B. S. Whitehurst in his case against Morton B. Howell, 4th, as before set forth, and need not be repeated.

It is further averred in the latter declaration that

"At the time of the accident, the said Baxter S. Whitehurst was driving the car in which plaintiffs were riding, with the said Mrs. B. S. (Annie May) Whitehurst sitting to his right, and next to the colliding car, which was several hundred feet distant, the operator of which saw, or could have seen plaintiffs when the plaintiffs came to a stop on Glenn Avenue, and could have avoided the accident, but did not attempt to do so, but on the contrary came so rapidly and swiftly, negligently, willfully and wantonly upon plaintiffs, that they did not have time or opportunity to get out of the way and escape the impact, and consequent personal injuries aforesaid.

"Wherefore, for the use and benefit of the plaintiff, Mrs. B. S. (Annie May) Whitehurst, plaintiffs sue the defendants for the said sum of Five Thousand ($5,000.00) Dollars damages, and they demand a jury to try this cause."

As in the first described case, each of the named defendants filed a plea of not guilty, but, as in the former case, Boyte Howell, Jr., was, in some unexplained way eliminated, and, at the trial now under review, Morton B. Howell, 4th, was the sole defendant in this latter case.

As stated, this suit was brought to recover damages for personal injuries to Mrs. Whitehurst, and presumably her husband joined for the sake of conformity, as was the practice prior to the act emancipating married women from the disability of coverture and enabling them to sue in their own names (Code 1932, section 8460); but the joinder of the husband was unnecessary at the time this action was begun, and he has no pecuniary interest in this suit. Knoxville Railway & Light Co. v. Vangilder, 132 Tenn., 487, 499, 178 S. W., 1117, L. R. A. 1916A, 1111.

In this case, the jury's verdict was that "they find the issues joined in favor of the plaintiff, Mrs. B. S. (Annie May) Whitehurst and by reason of the premises assess her damages in the sum of $300, and dismissed said case as to the plaintiff Baxter S. Whitehurst." The trial court thereupon rendered judgment that "the plaintiff, Mrs. B. S. (Annie May) Whitehurst have and recover of the defendant, Morton B. Howell, 4th, the sum of $300, also the costs of this case, for all of which execution may issue."

A motion for a new trial on behalf of "the plaintiff" in this case having been overruled, the "plaintiffs" in this case prayed an appeal in the. nature of a writ of error, which was granted by the court, upon the "plaintiff" executing an appeal bond conditioned as required by law, or taking the oath prescribed by law

for poor persons. The oath was made and signed by B. S. White-hurst and Mrs. B. S. Whitehurst.

Morton B. Howell, 4th, as defendant to said suit of Mrs. Annie. May Whitehurst, made no motion for a new trial and did not appeal.

R. B. C. Howell, Jr., v. B. S. Whitehurst.

On March 23, 1933, R. B. C. Howell, Jr., instituted an action in the circuit court of Davidson county against B. S. Whitehurst, and his declaration thereafter filed contained averments as follows:

"The plaintiff, R. B. C. Howell, Jr., sues the defendant B. S. Whitehurst, for $500.00 damages and for cause of action states:

"That on or about the 4th day of November, 1932, he was the owner of one 1928 model Chevrolet Coach which he loaned to one John Aldridge, a colored servant, in his father's home. The said automobile was used to carry the colored cook to her home and the said John Aldridge and the plaintiff's brother who had accompanied Aldridge were returning to their home at the time of the infliction of the injuries hereinafter complained of. As the said automobile of the plaintiff, at the time driven by his brother, reached the intersection of 9th and Glenn Avenues in the City of Nashville, Tennessee, its path was completely blocked by another automobile which had been proceeding in a westerly or northwesterly direction on Glenn Avenue and which automobile was owned and at the time being operated by the defendant, B. S. Whitehurst and was bearing Tennessee license No. ——, for the year 1932. The defendant's automobile proceeded in a westerly or northwesterly direction on Glenn Avenue and started across 9th Ave., which intersects Glenn Ave., at right angles, said 9th Ave. being at the time an arterial highway, until it reached a point at or near the center of the intersection of the two streets when it was brought suddenly and abruptly to a stop by the driver thereof, completely blocking traffic proceeding in a southerly and northerly direction on 9th Ave., and especially blocking the path of the plaintiff's automobile. At the time the defendant blocked the path of the plaintiff's car as aforesaid, the driver of the plaintiff's car was so near to defendant that, although he was in the exercise of all due care and caution, he was unable to stop quickly enough to avoid colliding with the defendant's automobile.

"The defendant's automobile was being operated in a reckless, careless and negligent manner in that the owner and operator thereof was not keeping a proper lookout ahead and that the automobile was not kept under proper control by the driver thereof. The defendant slowed his car down as he approached 9th Ave. which was an arterial highway but instead of coming to a complete stop and waiting for traffic on 9th Ave. to pass, he care-

lessly, negligently and recklessly drove his car directly into the path of the plaintiff's car thereby causing said collision.

"As a direct and proximate result of the impact and the collision and negligence of the defendant as aforesaid, the automobile of the plaintiff was practically demolished, being damaged beyond repair. The automobile at the time of the said collision was worth approximately $—— and was worth immediately following the collision approximately $——. All of said damage being occasioned by the negligence of the defendant, who, though liable, refuses to pay.

"Hence the plaintiff brings this suit and demands a jury to try the cause."

There was a second count in the aforesaid declaration of plaintiff Boyte Howell, Jr., in which second count he sought to predicate his cause of action upon an alleged negligent failure of defendant Whitehurst to stop his car at the "stop sign" at the intersection of Glenn avenue and Ninth Avenue South in obedience to the requirements of section 9 of chapter 82 of the Public Acts of 1931, relating to stop signs erected by the Highway Department or local authorities at the intersection of roads and streets with *arterial highways;* but in his general charge the trial judge instructed the jury that "there is no evidence that any public highway authority or local authority had ever designated Ninth Avenue or Glenn Avenue as public highways and erected signs, as authorized by the statute, and there is no evidence that Ninth Avenue is an arterial highway or street;" and the propriety of this instruction is not now questioned; hence plaintiff R. B. C. Howell, Jr., cannot rely upon the second count of his declaration.

Defendant B. S. Whitehurst pleaded not guilty, and upon the trial the jury found the issues joined in his favor, and thereupon the court dismissed the plaintiff's suit and rendered judgment against the plaintiff and his surety for all the costs of the cause.

A motion for a new trial on behalf of plaintiff R. B. C. Howell, Jr., was overruled, and he thereupon prayed, obtained, and perfected an appeal in the nature of a writ of error to this court.

R. B. C. Howell, Jr., the plaintiff in this latter suit, is the same person as Boyte Howell, Jr., who was originally named as a defendant in the first named two suits.

In view of the fact that B. S. Whitehurst was both a plaintiff and a defendant at the joint trial below, and is both a plaintiff in error and a defendant in error in this court, and the interests of another plaintiff in error (R. B. C. Howell, Jr.) and another defendant in error (Morton B. Howell, 4th) are adverse to B. S. Whitehurst, it would be confusing to follow, in this opinion, the usual custom of referring to the parties merely as plaintiffs in

error and defendants in error or as plaintiffs and defendants. We will, therefore, designate the parties by their names.

B. S. Whitehurst and Mrs. Annie May Whitehurst have filed joint assignments of error in this court, as follows:

"Assignment of error No. 1. The Court erred in refusing to grant plaintiffs motion for a new trial, because there was no evidence to support the verdict of the jury; and

"Assignment of error No. 2. Because the Court erred in overruling plaintiffs motion for a new trial because the preponderance of the evidence is against the verdict and because the jury in returning the verdict were actuated by passion, prejudice and/or unaccountable caprice; and

"Assignment of error No. 3. Because the Court erred in overruling the seventh ground of plaintiffs motion for a new trial in refusing to grant plaintiffs Special Request No. 2, as follows:

" 'I charge you Gentlemen of the Jury that the proper authorities have a right to designate main traveled, or through highways by erecting at the entrances thereto from intersecting highways signs notifying drivers of vehicles to come to a full stop before entering or crossing said designated highway, but that when the city so designates a through or main highway, it does not become an arterial highway. The only right given by an arterial highway in the City of Nashville to the driver of a vehicle is the right to travel that highway at a rate of speed of 30 miles per hour or less without slowing down to 15 miles per hour at any crossing or intersecting street, but this does not give the right and it is negligence to travel even at 30 miles per hour if such speed is calculated to endanger the life or property of others, and it is negligence to turn corners at a greater rate of speed than 10 miles per hour. If you believe from all the evidence that the defendant was traveling at a high and dangerous rate of speed and did turn the corner of Glenn Avenue at a greater rate of speed than 10 miles per hour and that such action on the part of the defendant traveling at a high and dangerous rate of speed under the circumstances and turning the corner at a greater rate of speed than 10 miles per hour was the proximate cause of the accident, it is your duty to find for the plaintiff in such amount as you see fit not exceeding the amount sued for.'

"Assignment of error No. 4. Because the Court erred in overruling the eighth ground of plaintiff's motion for a new trial as follows:

" 'Because the verdict and judgment is inconsistent on its face and shows an abuse of the jury's power.' "

R. B. C. Howell, Jr., has assigned errors as follows:

"Assignment of Error No. 1. The trial judge erred in overrul-

ing the plaintiff's first ground of the motion for a new trial, which was as follows:

"'There is no evidence to sustain the verdict.' Trans. P. 350.

"Assignment of Error No. 2. The trial judge erred in overruling the plaintiff's second ground of the motion for a new trial, which was:

"'The weight of the evidence is against the verdict.' Trans. P. 34."

It is first necessary to ascertain the scope of the foregoing assignments of error; that is, the questions which they present for decision by this court.

█ An assignment that the trial court erred in overruling, or (which is the same thing) in refusing to grant, the motion for a new trial is, because of its generality, not a good assignment of error. The reasons why the new trial should have been granted must be specified. 2 Ency. Pl. & Prac. p. 953; Thurman v. Bradford, 3 Tenn. Civ. App. (Higgins), 474; Madison Land & Loan Co. v. Hammond, 2 Tenn. App., 423; Markland v. General Hospital, 5 Tenn. App., 519; Jenkins v. Southern Lumber Co., 3 Tenn. App., 605; National Life & Accident Insurance Co. v. American Trust Company, 17 Tenn. App., 516, 527, 68 S. W. (2d), 971.

█ While an overruled motion for a new trial is a necessary predicate of an appeal involving the verdict of a jury, it is unnecessary to refer to such motion in the assignments of error filed in the appellate court. L. & N. Railroad Co. v. Evins, 13 Tenn. App.; 57, 61.

█ It is necessary, in assignments of error, to show "specifically wherein the action complained of is erroneous, and how it prejudiced the rights of the plaintiff in error," with appropriate reference to the pages of the transcript (see Rule 11, subsection 2, Williams' Annotated Code, vol. 7, p. 546, and Wood v. Frazier, 86 Tenn., 500, 8 S. W., 148); but statements in the assignments of error that the court erred in overruling the motion for a new trial add nothing to the scope or efficacy of the assignments.

█ It is seen, that, in the second assignment of Mr. and Mrs. Whitehurst and in the second assignment of R. B. C. Howell, Jr., it is averred that the preponderance of the evidence is against the verdict. This does not present a question which this court can consider, for the reason that, unless the verdict of the jury in a civil case is induced by error of law, it will not be disturbed on appeal, if it is approved by the trial judge and there is any material evidence to support it. Some of the long line of reported cases in which this familiar and well-settled rule was declared are cited in Power Packing Co. v. Borum, 8 Tenn. App., 162, 165.

Applying the above-stated rules to the assignments of Mr. and Mrs. Whitehurst, they are reduced to the following propositions:

(1) "There was no evidence to support the verdict of the jury."

(2) "The jury, in returning the verdict, were actuated by passion, prejudice and/or unaccountable caprice."

(3) The court erred "in refusing to grant plaintiff's special request No. 2" (which request is copied into the assignment).

(4) "The verdict and judgment is inconsistent on its face and shows an abuse of the jury's power."

And the assignments of R. B. C. Howell, Jr., are reduced to the single proposition that "there is no evidence to sustain the verdict."

In order to further clarify the issues tendered by the assignments of Mr. and Mrs. Whitehurst, it is necessary to ascertain which of the three verdicts of the jury are referred to in their first, second, and fourth assignments of error. As before stated, there was a separate verdict, and a judgment thereon, in each of the three cases, and this was the proper procedure. The assignments of Mr. and Mrs. Whitehurst purport to be their joint assignments, without discrimination. The verdict and judgment in the case of B. S. Whitehurst v. M. B. Howell, 4th, were adverse to B. S. Whitehurst, and he may assign errors thereupon; but he has no pecuniary interest in the suit of Mrs. Annie May Whitehurst v. M. B. Howell, 4th, and he was the successful defendant in the suit of R. B. C. Howell, Jr., v. B. S. Whitehurst; hence he is not in a position to assign errors assailing the verdict in either of the last mentioned two cases. Mrs. Whitehurst was not a party to either of the three cases, except her suit against M. B. Howell, 4th, in which the jury found the issues in her favor. We are not prepared to believe that she (or her learned counsel for her) intended to assert that there was no evidence to support the jury's finding of the issues in her favor, or that, in finding the issues in her favor, the jury "were actuated by passion, prejudice and/or unaccountable caprice," or that such finding "is inconsistent on its face and shows an abuse of the jury's power." Moreover, "a party cannot complain of an error which operates favorably to him." 2 R. C. L., p. 237, par. 197; Id., p. 166, par. 142.

It is thus seen that if the assignments of error filed by Mr. and Mrs. Whitehurst, although joint in form, be treated as joint and several, they could be applied, on behalf of B. S. Whitehurst, only to the verdict in the case of B. S. Whitehurst v. M. B. Howell, 4th; and that these assignments present no question available to Mrs. Annie May Whitehurst.

In the written "Brief and Argument" appended to the assignments of error filed by Mr. and Mrs. Whitehurst, it is argued at some length that the amount of the damages awarded to Mrs. Whitehurst by the jury is inadequate, and so inadequate as to evince passion, prejudice and caprice on the part of the jury; but,

as plainly appears from a reading of their assignments of error, supra, they have no assignment which makes that question.

The verdict of the jury upon the issue of liability or non-liability and the jury's assessment of the plaintiff's damages are separable. Perkins v. Brown, 132 Tenn., 294, 300, 177 S. W., 1158, L. R. A. 1915 F., 723, Ann. Cas. 1917A, 124; Aycock v. Nashville, C. & St. L. Railway, 4 Tenn. App., 655, 664; Jenkins v. Hankins, 98 Tenn., 545, 550, 41 S. W., 1028; Turner v. Turner, 85 Tenn., 387, 390, 3 S. W., 121; Tenn. Coal & Railroad Co. v. Roddy, 85 Tenn., 400, 409, 410, 5 S. W., 286. In Gulf Refining Co. v. Frazier, 15 Tenn. App., 662, 665 (an action for personal injuries), it was held that: "Under our practice, an assignment, in a case of this character, that there was no evidence to support the verdict of the jury, does not challenge the amount of the verdict apart from the question of the liability of the defendants."

On a subsequent appeal of the same case, after a remand and retrial, there was no assignment that there was no evidence to support the verdict of the jury, nor an assignment that the trial court erred in overruling the motion of defendants for a directed verdict, and it was held that, "the absence of such assignments is, in effect, a concession, for all the purposes of the appeal, that there is material evidence to support the verdict of the jury finding the defendants liable to respond in damages to the plaintiff. But, under the practice obtaining in the appellate courts of this state in a case of this character, the amount of the damages assessed by the jury may be questioned by an appropriate assignment of error, without an assignment that there was no evidence to support the verdict of the jury." 19 Tenn. App., 76, 83 S. W. (2d), 285, 287.

It has been frequently held by the Supreme Court and this court that a matter not contained in the assignment of errors is not entitled to consideration, although it is the subject of general discussion, or even particular objection, in the general argument accompanying the assignment of errors. Some of the reported cases in which it was so held are as follows: Taylor v. Elgin, 140 Tenn., 602, 617, 205 S. W., 428; Spofford v. Rose, 145 Tenn., 583, 613, 237 S. W., 68; Priest v. Banking & Trust Co., 148 Tenn., 87, 91, 251 S. W., 904; Bell v. Travelers' Insurance Co., 18 Tenn. App., 552, 558, 79 S. W. (2d), 824; Dreher v. Hill, 5 Tenn. App., 10, 16; Life & Casualty Insurance Co. v. Robertson, 6 Tenn. App., 43, 73; Robertson v. Freeman, 10 Tenn. App., 207, 209; Robertson v. Ramsey et al., 17 Tenn. App., 248, 259, 66 S. W. (2d), 1022.

The result of an application of the rules we have stated herein to the assignments of error in the instant case is as follows:

(a) No one of the assignments of error is available to Mrs. Annie May Whitehurst.

(b) B. S. Whitehurst is entitled to have his assignments of

error (except the assignment that the preponderance of the evidence is against the verdict) considered and disposed of in the case of B. S. Whitehurst v. M. B. Howell, 4th, but not in either of the other two cases.

(c) R. B. C. Howell, Jr., is entitled to a consideration and disposition of his assignment, that there is no evidence to sustain the verdict, in his case against B. S. Whitehurst, but not in either of the other two cases.

There are direct conflicts between the witnesses with respect to material and determinative facts. The collision occurred either at the "stop sign" in Glenn avenue at its intersection with Ninth Avenue South (as contended by the Whitehursts), or approximately 26 feet southwest of the stop sign and out in the main traveled way of Ninth Avenue South (as contended by the Howells).

Two photographs of the street intersection where the collision occurred and its surroundings have been sent up as a part of the record. These photographs show the relative situation of Glenn avenue, Douglas avenue, and Ninth Avenue South at the place where Glenn avenue and Douglas avenue, respectively, intersect Ninth Avenue South.

The general direction of Douglas avenue and Glenn avenue is east and west, and the general direction of Ninth Avenue South is north and south. However, as Douglas avenue and Glenn avenue approach Ninth Avenue South from the east they converge, and enter Ninth avenue very near together—so near that it is only 103 feet from the stop sign painted on the surface of Glenn avenue at the point where it reaches Ninth avenue to a similar stop sign at the point where Ninth avenue from the south reaches Douglas avenue.

So far as appears, the only eyewitnesses of the collision were the occupants of the two colliding cars, and it is impossible to reconcile the testimony of Mr. and Mrs. Whitehurst with that of Morton B. Howell, 4th, and John Aldridge.

Mr. and Mrs. Whitehurst testified, in substance and effect, that they were driving west on Glenn avenue and stopped directly over the stop sign before entering Ninth avenue; that just before they reached said stop sign, they saw a car (to which we will refer as the Howell car) drive west on Douglas and turn south on Ninth at a speed of about 50 miles an hour; that they (the Whitehursts) remained standing on the stop sign with their car headed west, and the Howell car came south on Ninth, turned east into Glenn and struck the body of the Whitehurst car just in front of the right rear fender, damaging the Whitehurst car to the extent of $145.47 and inflicting serious personal injuries on Mrs. Whitehurst; that the Howell car had "slowed down" to about 25 miles an hour at the moment of the collision; that the effect of the impact was to

move the Whitehurst car from its stationary position at the stop sign, and headed westward, to a point at or near a "water cap" toward the center of Ninth avenue and about 26 feet from the stop sign, and headed northward directly up Ninth avenue. The photograph, Exhibit 3 to the testimony of B. S. Whitehurst, shows the position of the Whitehurst car before, and Exhibit 2 after, the collision, as claimed by the Whitehursts. Mr. Whitehurst also stated that the Howell car continued on down Glenn avenue eastward for a distance of 72 feet before it stopped against the north curb of Glenn avenue.

The parties agree in their testimony that it was not raining at the time of the collision, but had been raining shortly before, and the streets were wet, or "damp."

They also agree that the lamps of both cars were "burning." It is in evidence, and undisputed, that there is an electric street light over the stop sign at Ninth and Douglas, and another over the stop sign at Glenn and Ninth avenues.

The testimony of Morton B. Howell, 4th, is to the effect that he had gone with John Aldridge, his father's house boy, to take his father's cook home, that on the return journey, he took the wheel and stopped for a few minutes to see a friend on Douglas avenue about 100 yards east of Ninth Avenue South; that when he left the home of his friend, he drove westward on Douglas to Ninth avenue, and turned southward on Ninth; that it was his purpose to go south on Ninth to Inverness, which was south of Glenn, and was the route which he customarily traveled; that just after he turned off of Douglas into Ninth avenue, he saw the Whitehurst car about the time it reached the stop sign on Glenn avenue; that it was moving very slow and he thought it was going to stop at the stop sign; that he (Howell) was driving at a speed of about 25 miles an hour, and he continued south on Ninth at that speed expecting the Whitehurst car to remain at the stop sign until he (Howell) had passed; that the Whitehurst car stopped at the stop sign "just about a fraction of a second" and then started across Ninth avenue on a course that would bring it athwart the pathway of the Howell car; that, thinking the Whitehurst car was going on across Ninth avenue, he (Howell) "cut to go behind him" in order "to avoid hitting him," but just as he "cut" his car to the left in order to pass behind the Whitehurst car, it "stopped" and his car "hit" the Whitehurst car a "glancing blow" and then "cut off down to the left" and went down into Glenn avenue and stopped with its front wheels against the north curb of Glenn avenue.

Morton B. Howell, 4th, testified further that the Whitehurst car was not on the stop sign when the cars collided, but was "a way out in front of the stop sign" and "up in front" of his (Howell's) path, about the middle of the street; that if the Whitehurst car "had

not slowed down or stopped," he could have passed behind it, but when it stopped he could not stop his car in time to avoid a collision; that the streets were wet and he did not apply his brakes either before or after the collision, but just let his car "roll down" into Glenn avenue after the collision.

The Howell car stopped at the curb in the rear of the residence property of the witness Hugh Bonham, who heard the "crash" and went out and saw the position of the two cars after the collision. He testified that the Whitehurst car was out in Ninth avenue about 20 feet from the stop sign, and that (by his measurement with a steel tape) it was 36 feet from the east (north) end of the stop sign to the point where the Howell car was standing with its left front wheel against the curb.

The testimony of John Aldridge with respect to the movements of the two cars until the collision agrees with that of Morton B. Howell, 4th, but Aldridge was injured and fell out of the Howell car, and could give no coherent account of the circumstances after the impact.

██ ██ The foregoing is, we think, a sufficient statement of the evidence for the purposes of this opinion. The statute (Code 1932, section 8811) requiring written findings of fact has no application to a law case tried to a jury, and in such case it is not important that the opinion of this court contain detailed recitals of fact. An assignment that there is no evidence to support the verdict of the jury presents a question of law, and not a question of fact. Anderson v. Stribling, 15 Tenn. App., 267; De Kalb County v. Tennessee Electric Power Co., 17 Tenn. App., 343, 67 S. W. (2d), 555; Norman v. Railroad, 119 Tenn., 401, 422, 104 S. W. 1088; Mullins v. Stave & Lumber Co., 155 Tenn., 132, 135, 290 S. W., 975.

██ ██ The credibility of witnesses and conflicts in their testimony are matters peculiarly within the province of the jury. When the evidence with respect to the determinative facts is conflicting, or if intelligent minds might draw different conclusions from undisputed facts, questions of negligence and contributory negligence are for the jury. Nashville, C. & St. L. Railroad v. Wade, 127 Tenn., 154, 158, 153 S. W., 1120, Ann. Cas. 1914B, 1020; Carey Roofing & Mfg. Co. v. Black, 129 Tenn., 30, 36, 164 S. W.; 1183, 51 L. R. A. (N. S.), 340.

In view of the conflicting evidence in this case, it is neither our duty nor our privilege, as an appellate court, to express an opinion concerning the greater weight of the evidence.

██ Whether the proximate cause of the collision and resulting injuries here involved was negligence of Morton B. Howell, 4th, or of B. S. Whitehurst, or concurring negligence of both, was a matter for the jury to determine from the evidence. There may be more than one proximate cause of an injury. Anderson's Auto-

mobile Accident Suit, section 576, p. 715. It is not necessary that two persons shall have acted in concert, or that there shall have been a joint operation or union of act and intent, in order that the negligence of each shall have been a proximate cause of the injuries. Anderson, supra, section 574, p. 711, and section 581, p. 718.

Where plaintiff and defendant are guilty of acts of negligence which together constitute the proximate cause of the injury, the negligence of plaintiff, however slight, bars a recovery. Grigsby & Co. v. Bratton, 128 Tenn., 597, 604, 163 S. W., 804.

In Vartanian's Law of Automobiles, section 115, it is said:

"As the control under which an automobile should be operated is dependent on surroundings, greater care is required at an intersection where other motor vehicles may be met, than on other parts of the highway. It is the duty of a driver approaching the crossing of a street intersection to be alert, to have his vehicle under control, to drive at a reasonable rate of speed, and to observe what is or may be approaching on the other street, so that he can stop on the shortest possible notice; and a failure to observe this rule may constitute negligence or contributory negligence. When he stops and starts again across the intersection in front of the defendant's. automobile which he sees approaching, he will be held guilty of contributory negligence.

"The driver of a vehicle proceeding towards an intersection with another vehicle in front of him, is under duty to use reasonable care to so regulate his car as to prevent a rear end collision with the car preceding him; this, even though the preceding driver failed to give any special warning. Thus in Zandras v. Moffett [286 Pa., 477, 133 A., 817, 47 A. L. R., 699] the driver in front while approaching the intersection gave no warning to the driver at the rear; but the driver at the rear saw that the car in front had come to a stop while ten or fifteen feet away from it. The court held that as he was approaching a street crossing, he was bound to have his vehicle under such command that the same could be brought to a stand at the slightest sign of danger; and that in approaching an intersecting street, where he knew or should have known the signals might require him to come to a sudden stop, he was under obligation to diligently look out for any directions which might be given."

It seems clear that there was evidence to support the verdict of the jury in the case of B. S. Whitehurst v. Morton B. Howell, 4th, and the first assignment of B. S. Whitehurst is overruled.

There is no support in the record for B. S. Whitehurst's second assignment, that "the jury, in returning the verdict, were actuated by passion, prejudice and/or unaccountable caprice," and that assignment is overruled.

The refusal of the trial judge to give in charge to the jury B. S. Whitehurst's special request No. 2 is the basis of his third assignment of error.

Said request No. 2 has been hereinbefore copied in full, and need not be repeated.

It was not error to refuse this request, for the reason that it contained a positive instruction to the jury to return a verdict for the plaintiff if they should find from the evidence that the defendant was guilty of certain specified negligence, and it did not qualify this instruction by any statement with respect to the effect of contributory negligence of the plaintiff. The third assignment of B. S. Whitehurst is overruled.

The fourth (and last) assignment of B. S. Whitehurst is that "the verdict and judgment is inconsistent on its face and shows an abuse of the jury's power."

It is seen that this latter assignment does not specify which of the three verdicts rendered in these three cases "is inconsistent on its face;" but presumably the verdict in the case of B. S. Whitehurst v. Morton B. Howell, 4th, is intended, for B. S. Whitehurst has no pecuniary interest in the case of Mrs. Annie May Whitehurst v. Morton B. Howell, 4th, and the verdict and judgment in the case of R. B. C. Howell, Jr., v. B. S. Whitehurst was entirely favorable to him. As we have heretofore held in the case of Mrs. Annie May Whitehurst, "a person can only assign error which is prejudicial to him." 2 R. C. L., p. 166, par. 142.

On the brief, no effort is made to point out any inconsistency "on the face" of the verdict or judgment in the case of B. S. Whitehurst v. Morton B. Howell, 4th. It is argued that the verdict in the case of B. S. Whitehurst v. Morton B. Howell, 4th, is inconsistent with the verdict in the case of R. B. C. Howell, Jr., v. B. S. Whitehurst, but, taking the assignment literally, this is beyond its scope.

However, if this assignment be treated as challenging the verdict in the case of B. S. Whitehurst v. Morton B. Howell, 4th, because of its alleged inconsistency with the verdict in R. B. C. Howell, Jr., v. B. S. Whitehurst, it must be remembered that the three cases are distinct and independent, and were merely tried together as a matter of convenience and economy. There were separate verdicts and judgments in each case, and neither is dependent on the other. An appeal by the unsuccessful party in one of the cases did not bring up either of the other cases. If R. B. C. Howell, Jr., had not appealed, the verdict and judgment in his case against B. S. Whitehurst would not be a part of the record before this court.

In the case reported under the style of Nashville, C. & St. L. Railway v. White, 158 Tenn., 407, 421, 15 S. W. (2d), 1, 6, four

separate suits against the railway brought by the occupants of an automobile struck by a railroad train were tried together below and brought up in one transcript. In the midst of the opinion the Supreme Court said: "It is insisted through assignments of error that the verdicts are inconsistent. As we have stated, the jurors were considering distinct cases, resting upon the same facts. There is material evidence to sustain each verdict, and we must consider each case as if tried 'severally."

And so, in the instant cases, considering each case as if tried severally, there is material evidence to sustain each verdict; hence the assignments of error, including the assignment of R. B. C. Howell, Jr., are overruled.

It results that each of the three judgments is affirmed, and the costs of the appeal will be apportioned between the three cases and adjudged accordingly against the plaintiffs in error and their sureties, if any.

Crownover and De Witt, JJ., concur.